FILED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

FEB 24 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MIMEDX GROUP, INC.,<br>PLAINTIFF, | § <br> § <br> § | SA26MC1211XR |
| V. | § <br> § | NO. _____ |
| SURGENEX, LLC | § <br> § | |
| DEFENDANTS. | § <br> § | |

## MOTION TO QUASH SUBPOENAS

Tissue Transplant Technology, Ltd. d/b/a Bone Bank Allografts ("Bone Bank") hereby files this Motion to Quash Subpoenas, seeking to quash a subpoena to testify at a FRCP 30(b)(6) deposition in a civil action, as well as a subpoena to produce documents. The subpoena to produce documents is attached hereto as **Exhibit A** (the "Document Subpoena"), and the subpoena to testify at a deposition is attached hereto as **Exhibit B** (the "Deposition Subpoena"). Complying with these subpoenas would be unduly burdensome on Bone Bank. The documents sought are not relevant for the underlying litigation and are in the Plaintiff's possession in the underlying litigation. Furthermore, the documents requested are requested in a settled litigation in this District which was litigated between May 16, 2014, and April 4, 2019. Thus, much of the information sought is so old, it may no longer exist.

## I.    FACTS

The subpoenas set forth in **Exhibits A** and **B** were issued by a Defendant in pending litigation in the District of Arizona, Surgenex, LLC ("Surgenex" or "Defendant"), in a matter styled *MiMedx Group, Inc. v. Surgenex, LLC,* Civ. A. No. 2:24-cv-03558-SMB, United States District Court, District of Arizona (the "Underlying Litigation"). These subpoenas were served

on Bone Bank on February 13, 2026 and demand production of documents by February 24, 2026.

MiMedx Group, Inc. ("MiMedx" or "Plaintiff") is the Plaintiff of the Underlying Litigation and has sued Surgenex, *inter alia*, for patent infringement of US Patent No. 8,709,494 (the "'494 patent").

On May 16, 2014, MiMedx asserted patent infringement against Bone Bank in *MiMedx Group, Inc. v. Transplant Technology, Inc. d/b/a Bone Bank Allografts and Texas Human Biologics, Ltd.,* Civ. A. No. 5:14-CV-00719-RCL, United States District Court, Western District of Texas, San Antonio Division (the "Settled Litigation"). Among the patents asserted against Bone Bank in that litigation was the '494 patent. Generally, the technology involved with the '494 patent concerns embryonic tissue products, and specifically a multiple layer tissue graft made from the amnion of cesarean birth placenta.

The docket history of the Settled Litigation is fairly robust, and the Parties were involved in the Settled Litigation until ultimately settling on April 4, 2019. The Docket of the Settled Litigation is attached hereto as **Exhibit C**. Discovery was detailed and extensive. Expert witnesses issued expert reports on infringement and damages. Yet, all of these activities stem back from seven to twelve years ago.

Most of the information requested either no longer exists or would be extremely burdensome to track down given the time period in which the documents are being requested. Furthermore, in the last seven years since settlement of the Settled Litigation, Bone Bank has undergone some turnover. As a result, nobody remains at Bone Bank that would have any material knowledge as to the entirety of Settled Litigation.

As set forth hereinbelow, with regard to the Document Subpoena, the document requests primarily fall in a few categories. First, many of them are not relevant to any issue in the Underlying Litigation. Second, many of the documents are privileged or inadmissible as settlement discussions between the attorneys. Third, many of the documents are confidential. Finally, many of the documents can be requested from the Plaintiff, MiMedx, rather than burdening Bone Bank.

As also set forth hereinbelow, with regard to the Deposition Subpoena, it should be quashed because it subjects Bone Bank to undue burden.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3)(A) requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). The issuing court must protect "a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

A motion to quash a subpoena directed at a non-party must be filed in "the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). Here, the Subpoenas require compliance in San Antonio, Texas, which falls within the Western District of Texas, San Antonio Division. This Court therefore has jurisdiction to rule on this Motion.

To determine whether compliance with a subpoena creates an undue burden, courts consider: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (quoting

*Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Id.*

### III.    ARGUMENT

The Document Subpoena and Deposition Subpoena (collectively, the "Subpoenas") should be quashed for the reasons set forth hereinbelow.

#### A.    The Document Subpoena Should be Quashed

Request for Production No. 1 asks for Bone Bank's sales, revenues, profits and forecasts from a period of time prior to entering into a Confidential Settlement Agreement with MiMedx. Request for Production No. 2 asks for the same information for a period of time after entering into a Confidential Settlement Agreement with MiMedx. Essentially, Surgenex is requesting all sales documents for the accused product from a period of time that extends from whenever the product was first sold, which would have been long prior to the Settled Litigation being filed in 2014 to the current date. These requests have no relevance in the Underlying Litigation. A competitor's sales have no bearing on a reasonable royalty in the Underlying Litigation. Furthermore, expert witness testimony and reports would be the more proper evidence of a reasonable royalty. Asking Bone Bank to dig through resources for sales occurring likely more than fifteen years prior to the current date is unduly burdensome and these requests are incredibly overbroad.

Request No. 3 and 4 require production of documents and communications related to communications between MiMedx and Bone Bank during the Settled Litigation, or related to any patents. Essentially, these requests seek every communication between MiMedx and Bone Bank,

and furthermore any communication between Bone Bank's counsel and MiMedx's counsel occurring over seven years ago, and spanning a time period of over five years.

Again, there is no relevance to any communications over a settled lawsuit that was filed more than ten years ago. Furthermore, to the extent those communications once existed, Bone Bank has not retained them, and neither has the undersigned. Furthermore, to the extent these requests seek documents relating to the Settled Litigation, they are just as easily retrievable by Surgenex in the public domain as they are for Bone Bank.

Many of the document requests (see, for example, Request No. 5, 6 and 8) request documents that appear to be privileged, or confidential. Specifically, several requests seek information regarding the negotiation and execution of the Confidential Settlement Agreement entered into between MiMedx and Bone Bank in the Settled Litigation.

These document requests are overly broad inasmuch as they seek information that is not only confidential communications between Bone Bank's counsel and MiMedx's counsel in resolving the Settled Litigation, but they also seeks documents that may be privileged under the attorney-client privilege and/or the attorney work product privilege. Furthermore, again, to the extent that those documents once existed, they likely no longer exist. Moreover, as to communications between MiMedx and Bone Bank, MiMedx the Plaintiff in the Underlying Litigation can produce any non-confidential, non-privileged information.

Request No. 10 asks for all documents concerning public use of the accused products on or before August 17, 2006. Again, this request is unduly burdensome, and seeks information that's in the public domain. Therefore, it would be just as easy for Surgenex to obtain whatever documents they believe they want. The rest of the requested documents appear to have absolutely no bearing or relevance to Surgenex's case, are overly broad, and unduly burdensome

on Bone Bank to incur the costs of searching and seeing what, if any information responsive to these requests still exist.

For all of these reasons, the document requests are overly broad, and the Court should quash the subpoena requesting document production.

## B.    The Deposition Subpoena Should be Quashed

The Deposition Subpoena subjects Bone Bank to undue burden and should be quashed because the testimony sought has little to no relevance to the Underlying Litigation, Surgenex's need for the testimony is low, the subpoena is overbroad in scope, the time period is unduly burdensome, and compliance would impose a significant and undue burden on Bone Bank.

First, the Deposition Subpoena should be quashed because the testimony sought has little to no relevance to the Underlying Litigation. All the "Deposition Topics" listed in the Deposition Subpoena relate to the Settled Litigation, which was filed over a decade ago and settled in 2019, involved different parties, different accused products, and different factual circumstances than the Underlying Litigation. While the '494 patent asserted in the Underlying Litigation is the same patent at issue in the Settled Litigation, the Settled Litigation has no material bearing on the issues of infringement, validity, or damages that are in dispute in the Underlying Litigation. To the extent any marginal relevance could be argued, it is far outweighed by the burden compliance would impose on Bone Bank, a non-party.

Second, Surgenex's need for the testimony is low. Surgenex cannot demonstrate a compelling need for testimony related to an over-decade-old lawsuit to which it was not a party. Any information from the Settled Litigation that is legitimately relevant to the Underlying Litigation is available from Plaintiff MiMedex, the public record of the Settled Litigation, or other sources that do not require burdening a non-party. Because Surgenex can satisfy any

legitimate discovery need through other means, there is no justification for imposing the significant burdens of compliance on Bone Bank.

Third, the subpoena is overbroad in scope. The Deposition Subpoena is sweeping in scope, seeking testimony related to the Settled Litigation and its settlement without meaningful limitation. Such broad, unfocused requests are the hallmark of an impermissible "fishing expedition." Non-parties should not be compelled to engage in wide-ranging searches to satisfy a litigant's speculative inquiry into matters of peripheral relevance.

Fourth, the time period is unduly burdensome. The Deposition Subpoena seeks testimony covering events that occurred over a decade ago. As discussed above, and below, there are no individuals currently at Bone Bank with material knowledge as to the Settled Litigation, and therefore, there are no individuals with personal knowledge of the Deposition Topics. This means Bone Bank will need significant additional time to not only look for the documents requested in the Documents Subpoena, but to also prepare a corporate representative to testify on the requested documents and Deposition Topics.

Lastly, and importantly, compliance with the Deposition Subpoena would impose a significant and undue burden on Bone Bank based largely on the absence of knowledgeable personnel at Bone Bank and the cost and disruption of compliance. The Settled Litigation was initiated over ten years ago and settled around seven years ago. None of the individuals at Bone Bank who were involved in the Settled Litigation or who have material personal knowledge of the facts, circumstances, or settlement of that proceeding remain employed by Bone Bank. Bone Bank cannot designate a Rule 30(b)(6) witness who has any personal knowledge of the matters at issue, and any deposition would require Bone Bank to prepare a witness from scratch using only whatever documentary records may exist, imposing enormous cost and effort for testimony of

minimal probative value. Further, preparing and presenting a 30(b)(6) witness would consume substantial time, resources, and expense. Bone Bank should not be required to bear these costs in aid of litigation to which it is not a party and in which it has no interest.

Taken together, these factors establish that compliance with the Deposition Subpoenas would impose an undue burden on Bone Bank and Bone Bank respectfully requests that this Court enter an Order quashing the Deposition Subpoena in its entirety. In the alternative, if the Court declines to quash the Deposition Subpoena in its entirety, Bone Bank requests that the Court modify the Deposition Subpoena to limit the scope of required compliance to only those topics, if any, that are genuinely relevant and necessary to the Underlying Litigation, and to direct that any reasonable costs incurred by Bone Bank in connection with compliance, including Bone Bank's attorneys fees' for preparing for and attending the deposition, be borne by Defendant.

## IV.    CONCLUSION

For the foregoing reasons, Bone Bank respectfully requests that this Court enter an Order quashing the Document Subpoena and the Deposition Subpoena in their entirety. In the alternative, if the Court declines to quash the Subpoenas in their entirety, Bone Bank requests that the Court modify the Subpoenas to limit the scope of required compliance to only those documents and topics, if any, that are genuinely relevant and necessary to the Underlying Litigation, and to direct that any reasonable costs incurred by Bone Bank in connection with compliance, including attorneys fees' for preparing for and attending the deposition, be borne by Surgenex.

Dated: February 24, 2026

Respectfully submitted,


By:/s/ Robert L. McRae
Robert L. McRae
Texas State Bar No. 24046410
Gunn, Lee & Cave, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 (Voice)
(210) 886-9883 (Fax)
rmcrae@gunn-lee.com

ATTORNEY FOR TISSUE TRANSPLANT
TECHNOLOGY, LTD. D/B/A BONE
BANK ALLOGRAFTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2026, the undersigned filed the foregoing with the Clerk of Court, and emailed a copy of the filing to all counsel of record in the Underlying Litigation, namely:

**Eric Michael Fraser**
Osborn Maledon PA
P.O. Box 36379
Phoenix, AZ 85067-6379
602-640-9321
Fax: 602-640-9050
Email: efraser@omlaw.com

**James Hisao Atkison**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
404-881-7966
Email: james.atkison@alston.com

**John D Haynes**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
404-881-7737
Email: john.haynes@alston.com

**Katherine M Donald**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
949-812-9438
Email: katie.donald@alston.com

**Kyle A Ceuninck**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
404-881-7392
Email: kyle.ceuninck@alston.com

**Matthew W Howell**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
404-881-7349
Email: matthew.howell@alston.com

**Phillip Winston Londen**
Osborn Maledon PA
P.O. Box 36379
Phoenix, AZ 85067-6379
602-640-9315
Fax: 602-940-9050
Email: plonden@omlaw.com

**Wesley A Achey**
Alston & Bird LLP - Atlanta, GA
1 Atlantic Center
1201 W Peachtree St., Ste. 4900
Atlanta, GA 30309-3424
404-881-7000
Email: wes.achey@alston.com

**Adam M Nicolais**
Rothwell Figg Ernst & Manbeck PC - New York Ave
901 New York Ave. NW, 900 E
Washington, DC 20001
202-783-6040
Email: anicolais@rothwellfigg.com

**Brett Postal**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
901 New York Ave. NW, 900
E
Washington, DC 20001
202-783-6040
Email: bpostal@rfem.com

**Joseph A Hynds**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
901 New York Ave. NW, 900
E
Washington, DC 20001
202-783-6040
Email: jhynds@rfem.com

**Thomas Andrew Gilson**
Beus Gilbert McGroder PLLC
701 N 44th St.
Phoenix, AZ 85008
480-429-3000
Fax: 480-429-3100
Email:
tgilson@roselawgroup.com

**Edward Anthony Figg**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
901 New York Ave. NW, 900
E
Washington, DC 20001
202-783-6040
Email: efigg@rfem.com

**Nicole M DeAbrantes**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
901 New York Ave. NW, 900
E
Washington, DC 20001
202-783-6040
Fax: 202-783-6031
Email: ndeabrantes@rfem.com

**Travis P Roberts**
Beus O'Connor McGroder
PLLC
701 N 44th St.
Phoenix, AZ 85008
480-429-3017
Email:
troberts@bomlawgroup.com

**Hugham Chan**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
Washington
901 New York Ave. NW, Ste.
900 E
Washington, DC 20001
771-717-9806
Email:
hchan@rothwellfigg.com

**Sharon L Davis**
Rothwell Figg Ernst &
Manbeck PC - New York Ave
901 New York Ave. NW, 900
E
Washington, DC 20001
202-783-6040
Email:
sdavis@rothwellfigg.com

By:     /s/ Robert L. McRae
        Robert L. McRae

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| MIMEDX GROUP, INC. <br> *Plaintiff* <br> v. <br> SURGENEX, LLC <br> *Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.   2:24-cv-03558-SMB |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Tissue Transplant Technology, Ltd. d/b/a Bone Bank Allografts
                 5335 Castroville Road, San Antonio, TX 78227

*(Name of person to whom this subpoena is directed)*

     ☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

         See Attachment A

| Place: Regus, 1100 Northwest Loop 410, San Antonio, TX 78213 | Date and Time: <br> 02/24/2026 9:00 am |
|---|---|

     ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/09/2026

                *CLERK OF COURT*

                                     OR

| | |
|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | /s/ Hugham Chan <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Surgenex, LLC
_____ , who issues or requests this subpoena, are:
Hugham Chan; Rothwell, Figg, Ernst & Manbeck, P.C., 901 New York Ave., N.W., Suite 900 East, Washington, DC 20001; hchan@rothwellfigg.com; 202-783-6040

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a
person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or
regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly
transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial
expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or
tangible things at a place within 100 miles of where the person resides, is
employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney
responsible for issuing and serving a subpoena must take reasonable steps
to avoid imposing undue burden or expense on a person subject to the
subpoena. The court for the district where compliance is required must
enforce this duty and impose an appropriate sanction—which may include
lost earnings and reasonable attorney's fees—on a party or attorney who
fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible
things or to permit inspection may serve on the party or attorney designated
in the subpoena a written objection to inspecting, copying, testing, or
sampling any or all of the materials or to inspecting the premises—or to
producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for
compliance or 14 days after the subpoena is served. If an objection is made,
the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party
may move the court for the district where compliance is required for an
order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the
order must protect a person who is neither a party nor a party's officer from
significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where
compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits
specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no
exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a
subpoena, the court for the district where compliance is required may, on
motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research,
development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's
study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances
described in Rule 45(d)(3)(B), the court may, instead of quashing or
modifying a subpoena, order appearance or production under specified
conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be
otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These
procedures apply to producing documents or electronically stored
information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents
must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*
If a subpoena does not specify a form for producing electronically stored
information, the person responding must produce it in a form or forms in
which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The
person responding need not produce the same electronically stored
information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person
responding need not provide discovery of electronically stored information
from sources that the person identifies as not reasonably accessible because
of undue burden or cost. On motion to compel discovery or for a protective
order, the person responding must show that the information is not
reasonably accessible because of undue burden or cost. If that showing is
made, the court may nonetheless order discovery from such sources if the
requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or
tangible things in a manner that, without revealing information itself
privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a
subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party
that received the information of the claim and the basis for it. After being
notified, a party must promptly return, sequester, or destroy the specified
information and any copies it has; must not use or disclose the information
until the claim is resolved; must take reasonable steps to retrieve the
information if the party disclosed it before being notified; and may promptly
present the information under seal to the court for the district where
compliance is required for a determination of the claim. The person who
produced the information must preserve the information until the claim is
resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a
motion is transferred, the issuing court—may hold in contempt a person
who, having been served, fails without adequate excuse to obey the
subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.    "Bone Bank," "You," or "Your" shall mean Bone Bank Allografts and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest (e.g., Human Biologics of Texas, Ltd.), successors in interest, any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

2.    "Human Biologics of Texas, Ltd." shall mean Human Biologics of Texas, Ltd. and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest, successors in interest, any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

3.    "MiMedx" shall mean MiMedx Group, Inc., and all directors, officers, current and former employees, managers, agents, attorneys, accountants, consultants, representatives, agents, independent contractors, experts, parents, affiliates, subsidiaries, divisions, predecessors in interest, successors in interest, any partnerships or joint ventures to which they are a party, and/or other persons acting on behalf of any of the foregoing.

4.    "Surgenex" mean Surgenex, LLC, and its affiliates, predecessors, successors, parents, subsidiaries, assigns, agents, employees, directors, officers, or other representatives.

5.    "Multilayer placental tissue graft products" means placental tissue allograft products comprised of at least two layers of placental amnion and/or chorion membrane that are either manufactured (including any processing of the products), used, offered for sale, or sold in the United States, or imported into the United States, by You. For the avoidance of doubt, "multi-layer placental tissue graft products" excludes umbilical cord allograft

- 1 -

products.

6.    "Prior art" means any patent, published patent application, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention, in the United States or any other country, relating to the subject matter of the claims of the Patents-in-Suit that is dated or may have occurred prior to any filing date of a Patents-in-Suit, or encompasses, by way of example and without limitation, the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103, e.g., documents and things that may be used to determine or assess novelty and/or obviousness or any other ground for invalidity of the claimed subject matter in a patent or patent application.

7.    The terms "Document" or "Documents" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes any written, printed, typed, recorded, electronic or graphic matter of every type, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, without limitation, any book, bill, calendar, chart, chat, check, compilation, computation, computer or network activity log, correspondence, data, data compilation, database, diagram, diary, document, draft, drawing, email, electronically-stored information, electronic message, file, folder, film, graph, graphic presentation, image, index, inventory, invoice, jotting, journal, ledger, machine readable material, map, memoranda, metadata, minutes, note, order, paper, photograph, printout, recording, report, software, spreadsheet, statement, sound recording, summary, telephone message record or log, text message, transcript, video, voicemail, voucher, webpage, wiki, work paper, writing, worksheet, or any other item or group of documentary material or information, regardless of physical or electronic format or characteristic, and any information therein, and copies, notes, and recordings thereof. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate

- 2 -

document.

8.    The terms "constituting," "relating to," and "referring to" have their broadest possible meaning, and include, but are not limited to, concerning, associated with, addressing, bearing upon, supporting, contradicting, applicable to, pertaining to, involving, reflecting, undermining, regarding, respecting, touching upon, describing, embodying, evidencing, stating, dealing with, constituting, implying, implicating, refuting, or in any way logically or factually connected with the matter discussed or identified.

9.    The words "and" and "or" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request for information.

10.    The use of a verb in any tense shall be construed as the use of a verb in all other tenses, and the singular form shall be deemed to include the plural and vice versa. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural and/or the feminine or neutral, as the particular context makes appropriate.

11.    Unless the context requires otherwise, the terms "any" and "each" include and encompass "all."

12.    The term "including" means "including but not limited to" and "including, without limitation."

13.    The terms "communication" or "communications" means any transmission of information by one or more persons and/or between two or more persons by any means, including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, text messages, instant messenger messages, e-mail, computer linkups, written memoranda, notes and face-to-face conversations. The terms "person" or "persons" means any natural person or legal entity, including individuals, corporations, businesses, firms, joint ventures, partnerships, sole proprietorships, governments, agencies or instrumentalities of governments, unincorporated associations, and cooperatives.

- 3 -

## GENERAL INSTRUCTIONS

1.     You are requested to produce all documents in the following Requests for Production of Documents and Things that are in your possession custody, or control, in their entirety and without redaction or expurgation. "Possession, custody, or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those Documents and Things (or "Documents") in the hands of any other person that You have the ability to demand or to gain access to in the ordinary course of business.

2.     In producing Documents, furnish all Documents within your possession, custody, or control, as well as all Documents within the possession, custody, or control of your agents, representatives, employees, officers, directors, attorneys, parents, subsidiaries, or affiliated corporations, or anyone else acting on Your behalf.  The Document Subpoena also embraces originals, identical copies if originals are unavailable, and all non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the Documents described in this subpoena.

3.     Pursuant to the Federal Rule of Civil Procedure 45(e)(1)(A), Documents produced in response to the Document Subpoena shall be produced as they are kept and/or maintained in the usual course of business or shall be organized and labeled to correspond to the Requests for Production of Documents and Things in the demand.

4.     Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

5.     Electronically stored Documents shall be produced in the TIFF or searchable PDF format.  Where possible, You shall produce associated load files including at least (a) the starting and ending Bates number of the range associated with the load file, (b) the searchable text of the electronically stored information that has been imaged, and (c) for emails, the email metadata, including but not limited to, date/time sent, sender, recipient(s), cc/bcc, and the field identifying any attachments to the email.

- 4 -

6.    Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

7.    File folders with tabs or labels or directories of files identifying Documents called for by these requests must be produced intact with such Documents.

8.    Documents attached to each other shall not be separated.

9.    If any Document is withheld based upon a claim of privilege or other protection, provide for each such Document: (i) the date of the Document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of Document, (vi) a description of the document (vii) an identification of the privilege or protection claimed, (viii) a brief explanation of the basis of your claim of privilege or other protection, and (ix) the present location of the Document and its current custodian.

10.    Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information; instead, they shall be designated in accordance with the terms of the Protective Order entered in the case captioned *MiMedx Group, Inc. v. Surgenex, LLC*, No. 2:24-cv-03558-SMB (D. Ariz.), a copy of which is attached to here.

11.    If any Documents requested to be produced herein have been lost, discarded, destroyed, or are not available for production by You for any reasons whatsoever, identify them as completely as possible, by stating without limitation: the subject matter of the Document, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or complete copy of such Document, and the identity of all Persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the Document.

12.    All responsive Documents stored in machine-readable form shall be produced in electronic form and in hard-copy form with the printout date and file name and location appearing on the copy.

- 5 -

13. Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purpose of limitation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Documents sufficient to show Bone Bank's sales, revenues, profits, and forecasts of its multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™, for the period of time before Bone Bank entered any agreement settling or otherwise resolving any legal proceeding with MiMedx (e.g., Confidential Settlement Agreement Between Bone Bank, Human Biologics of Texas, Ltd., and MiMedx).

2. Documents sufficient to show Bone Bank's sales, revenues, profits, and forecasts of its multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™, for the period of time after Bone Bank entered any agreement settling or otherwise resolving any legal proceeding with MiMedx (e.g., Confidential Settlement Agreement Between Bone Bank, Human Biologics of Texas, Ltd., and MiMedx).

3. All Documents and communications between MiMedx and Bone Bank relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx; (b) MiMedx's multi-layer placental tissue graft products; or (c) Bone Bank's multi-layer placental tissue graft products, including any cease-and-desist letter, notice letter relating to a MiMedx patent or patent application, or allegation of patent infringement.

4. All Documents relating to any foreign or domestic legal proceedings, including any Documents filed under seal, involving Bone Bank and (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 1:14-cv-00464 in W.D. Tex.) or before an administrative agency, such as the U.S. Patent & Trademark Office (e.g., IPR2015-00420).

5. All Documents and communications considered in determining how and whether to resolve any foreign or domestic legal proceedings involving (a) MiMedx or (b)

- 6 -

any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 1:14-cv-00464 in W.D. Tex.) or before an administrative agency, such as the U.S. Patent & Trademark Office (e.g., IPR2015-00420).

6. All Documents and communications demonstrating negotiations to resolve any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 1:14-cv-00464 in W.D. Tex.) or before an administrative agency, such as the U.S. Patent & Trademark Office (e.g., IPR2015-00420), such as offers to settle.

7. All agreements between MiMedx and Bone Bank relating to multi-layer placental tissue graft products to any patents or patent applications owned by, assigned to, or licensed by MiMedx, including any agreements or stipulations that resolved any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including settlements, covenants not to sue, and releases (e.g., Confidential Settlement Agreement Between Bone Bank, Human Biologics of Texas, Ltd., and MiMedx).

8. All Documents and communications considered in calculating any potential or actual compensation, including royalties, between Bone Bank and MiMedx, relating to any patents or patent applications owned by, assigned to, or licensed by MiMedx.

9. All Documents and communications relating to any (un)patentability, (in)validity, infringement, (un)enforceability, valuation, damages, or marking analysis for any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx, including the identification of prior art with respect to any particular MiMedx patent or patent application (e.g., first public disclosure of the subject matter claimed, or the first use, first offer for sale, or first sale of any product that is covered by any claim).

10. All Documents concerning the public use or disclosure of any placental tissue graft product comprising at least one amnion or chorion layer on or before August 17, 2006.

11. All Documents concerning any actual or potential medical substitutes or alternatives to MiMedx's multi-layer placental tissue graft products (e.g., actual or potential

- 7 -

non-infringing alternatives to the invention claimed in U.S. Patent No. 8,709,494).

12.    All Documents describing the composition of, or the processes, methods, or procedures used to manufacture (as well as any changes thereto, such as those in Exhibit A to the Confidential Settlement Agreement Between Bone Bank, Human Biologics of Texas, Ltd., and MiMedx) any Bone Bank multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™, including the standard operating procedures, manuals, or protocols associated with these products, marketing, literature, videos, and publicity pieces of any kind.

13.    All Documents comparing any Bone Bank multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™ on the one hand, and MiMedx multi-layer placental tissue graft products on the other hand, including comparisons of composition, process of manufacture, or benefits.

14.    Any business or financial analysis concerning Bone Bank's or MiMedx's multi-layer placental tissue graft products or the market for such products, including analysis of their use, prescription, sales, or pricing.

15.    All Documents relating to any investigation, testing, study or analysis of either Bone Bank or MiMedx multi-layer placental tissue graft products derived from placental amnion and chorion membranes, to determine their composition, or their processes, methods, or procedures of manufacture.

16.    A declaration under oath by someone knowledgeable and employed at Bone Bank that the documents produced by Bone Bank in response to the Document Subpoena satisfy the authenticity requirement under Fed. R. Evid. 90, and if accurate, the business records requirements under Fed. R. Evid. 803(6).

17.    All Documents relating to MiMedx, including documents relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx, including legal proceedings in court or before an administrative agency (e.g., U.S. Patent & Trademark Office); or (b) MiMedx multi-layer placental tissue graft products.

# Exhibit

# B

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | | |
|---|---|---|
| MIMEDX GROUP, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:24-cv-03558-SMB |
| | ) | |
| SURGENEX, LLC | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Tissue Transplant Technology, Ltd. d/b/a Bone Bank Allografts
                  5335 Castroville Road, San Antonio, TX 78227
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:   See Attachment A

| Place:  Regus, 1100 Northwest Loop 410, San Antonio, TX 78213 | Date and Time:                    03/09/2026 9:00 am |
|---|---|

The deposition will be recorded by this method:  Video, audio, and/or stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       02/09/2026

                  *CLERK OF COURT*
                                                              OR
                                                                                /s/ Hugham Chan

_____            _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Surgenex, LLC
_____ , who issues or requests this subpoena, are:
Hugham Chan; Rothwell, Figg, Ernst & Manbeck, P.C., 901 New York Ave., N.W. Suite 900 East, Washington, DC 20001; hchan@rothwellfigg.com; 202-783-6040

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:24-cv-03558-SMB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**DEPOSITION TOPICS**

1.     All facts about communications between MiMedx and Bone Bank relating to (a) any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx; (b) MiMedx's multi-layer placental tissue graft products; or (c) Bone Bank's multi-layer placental tissue graft products, including any cease-and-desist letter, notice letter relating to a MiMedx patent or patent application, or allegation of patent infringement.

2.     All facts about any Documents and communications relating to any (un)patentability, (in)validity, infringement, (un)enforceability, valuation, damages, or marking analysis for any domestic or foreign patents or patent applications owned by, assigned to, or licensed by MiMedx.

3.     All facts about the negotiations related to the resolution of any foreign or domestic legal proceedings involving Bone Bank and (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including litigation in court (e.g., 1:14-cv-00464 in W.D. Tex.) or before an administrative agency, such as the U.S. Patent & Trademark Office (e.g., IPR2015-00420).

4.     All facts about any agreements between MiMedx and Bone Bank relating to multi-layer placental tissue graft products to any patents or patent applications owned by, assigned to, or licensed by MiMedx, including any agreements or stipulations that resolved any foreign or domestic legal proceedings involving (a) MiMedx or (b) any patents or patent applications owned by, assigned to, or licensed by MiMedx, including settlements, covenants not to sue, and releases (e.g., Confidential Settlement Agreement Between Bone Bank, Human Biologics of Texas, Ltd., and MiMedx).

5.     All facts relating to whether and how Bone Bank should compensate MiMedx, in light of any patents or patent applications owned by, assigned to, or licensed by MiMedx.

6.     All facts relating to the composition of, or the processes, methods, or procedures used to manufacture (as well as changes thereto), any Bone Bank multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™, including any changes over time.

- 9 -

7. All facts relating to the comparison of any Bone Bank multi-layer placental tissue graft products, such as those sold under the trade names of SteriShield II™ and AmnioArmor™ on the one hand, and MiMedx multi-layer placental tissue graft products on the other hand.

8. All facts relating to any business or financial analysis concerning Bone Bank's or MiMedx's multi-layer placental tissue graft products or the market for such products.

9. All facts relating to any investigation, testing, study or analysis of either Bone Bank's or MiMedx's multi-layer placental tissue graft products derived from placental amnion and chorion membranes, to determine their composition, or their processes, methods, or procedures of manufacture.

10. All facts relating to any actual or potential medical substitutes to MiMedx's multi-layer placental tissue graft products.

11. Authentication of all Documents produced by Bone Bank pursuant to the Document Subpoena, including whether the Documents are records of a regularly conducted activity within Bone Bank.

12. The subject matter of all Documents produced by Bone Bank pursuant to the Document Subpoena.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MiMedx Group Incorporated, | No. CV-24-03558-PHX-SMB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| Surgenex LLC, | |
| Defendant. | |

This Stipulated Protective Order ("Protective Order") is entered into by and between Plaintiff MiMedx Group. Inc. and Defendant Surgenex, LLC (collectively, the "Parties"), through their respective attorneys of record. During this action, with respect to any information, documents, or things ("**Materials**" as defined herein) obtained by any party to this action in response to any discovery or other request, where such items are asserted to contain or comprise private or confidential information, the following procedures shall be employed and the following restrictions shall govern.

The following Definitions apply in this Protective Order:

A.     The term "**Confidential Information**" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts of depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party.

B.    The term **"Materials"** includes, but is not limited to:  documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

C.    The term **"Counsel"** means all counsel of record throughout the litigation, including outside counsel of record, and other attorneys, paralegals, secretaries, support staff, employees, contractors, law clerks, litigation support vendors, and clerical staff of such counsel's law firms employed in the office of any counsel of record.

The following provisions apply in this litigation:

1.    Each party to this litigation or any third party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, deposition testimony, and/or transcripts of depositions that the producing party or third party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(a)    Designation as "CONFIDENTIAL":  Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the information is not public and the unrestricted disclosure of such information could be harmful to the business or operations of such party.

(b)    Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most

- 2 -

sensitive by the party, including but not limited to trade secret or other confidential data related to research, development, finances, or customers.

2.    In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.    Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) days after receipt of the final deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

(b)    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below.

- 3 -

(c)    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

4.    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Protective Order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5.    Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

(a)    Counsel (as defined in paragraph C, above) of the receiving party, including support staff, employees, contractors, law clerks, paralegals, secretaries, litigation support vendors, and clerical staff of such counsel's law firms assisting with this lawsuit;

(b)    Independent experts and stenographic and clerical employees associated with such experts. The producing party shall be entitled to object to disclosure of designated material to that expert and its employees within five (5) business days after receipt of the information specified in Paragraph 9, but only by stating in writing a specific reason or reasons why the producing party believes disclosure to such expert is inappropriate. If the Parties are unable to resolve on their own a dispute concerning disclosure of designated material to an expert, the party that objects to the disclosure has the

- 4 -

burden to apply to the Court, within ten (10) business days after service of the producing party's objections, for an Order that such disclosure is improper. No disclosure of designated material shall be made to the expert until the time for serving objections has passed, or, in the event that the producing party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling. The non-moving Party may seek extension of any deadline for expert reports or other depositions pending resolution of an objection to disclosure to an expert. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c)    The Court and any Court staff and administrative personnel;

(d)    Any court reporter or translator employed in this litigation and acting in that capacity;

(e)    Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action; and

(f)    Trial and/or jury consultants engaged by the Parties in preparation for trial, including mock jurors, provided that (i) no party will use any mock juror who is employed by or affiliated with or who knows any person employed by or affiliated with either party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any

-5-

materials and information provided to them in connection with being a mock juror.

6.  Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a)  Two (2) officers or employees of the party receiving the information to whom disclosure is reasonably necessary for this litigation (for Plaintiff: Mark Trainer and Butch Hulse; and for Defendant Brian Stoor and Dan Robinson); and

(b)  Stenographic and clerical employees associated with the individuals identified above.

7.  All information that has been designated as "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies as necessary for their participation in this litigation, but only during the course of this litigation.  The principals, employees or other agents of the Parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being either "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary for use in their respective businesses.

8.  Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  **The Parties must follow the procedural requirements of LRCiv 5.6.** Nothing in this Protective Order shall be construed as automatically permitting a party to file under seal.  Every motion to seal, including stipulations pursuant to LRCiv 5.6(d), must identify the legal standard applicable to the document at issue and explain why the

material sought to be sealed meets that standard. The party seeking leave of Court shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, the mere fact the Parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Id.* Where a party seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include **highlighting** to indicate which portions of the document the party seeks to redact. Additionally, a party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, this protective order shall not apply to information disclosed at trial, and no portion of the trial of the matter shall be conducted under seal, absent subsequent Court order expressly addressing that issue.

9.      Prior to the first disclosure of any designated material under 5(b) above to an expert, the receiving party shall supply to the producing party (1) a copy of the agreement to be bound by stipulated protective order (Exhibit A) that is executed by the expert; (2) that expert's current curriculum vitae; and (3) a list of all consulting engagements undertaken by the expert during the past four years. The producing party shall be entitled to object to disclosure of designated material to that expert within five (5) business days after receipt of items (1)-(3) discussed in this paragraph above, but only by stating in writing a specific reason or reasons which the producing party believes disclosure to such expert is inappropriate. If the Parties are unable to resolve on their own a dispute concerning disclosure of designated material to an expert, the party that objects to the disclosure has the burden to apply to the Court, within ten (10) business days after service of the producing party's objections, for an Order that such disclosure is improper.

No disclosure of designated material shall be made to the expert until the time for serving objections has passed, or, in the event that the producing party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

10. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action. Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" shall not be used for any other purpose including, without limitation, any business, commercial, competitive, regulatory, personal or other purpose, patent prosecution, amending or otherwise affecting the scope of claims in patents or patent applications, a basis for judicial or administrative action, or communication with any government agency, except by consent of the parties or order of the Court.

11. At any stage of these proceedings, any party may object to a designation of confidentiality by stating, in writing, the grounds for its objection(s) to Counsel for the producing party. If the dispute is not resolved consensually between the Parties within ten (10) days of receipt of objections, the objecting party may move the Court for a ruling on the objection, provided, however, that engaging in additional efforts at consensual resolution shall not be deemed to waive any objection to a designation. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this Protective Order to view such Materials. The party must submit to Counsel for the producing party a written notice identifying the relevant Materials and

- 8 -

the individuals to whom the party wishes to disclose the Materials. If the request is not resolved consensually between the Parties within fourteen (14) days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. In the event any party files a motion requesting such disclosure, the Materials shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

13.    All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the Parties prior to and apart from this litigation for purposes of conducting their respective businesses, the Parties may continue to use that otherwise Confidential Information for that purpose. The Parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14.    Subject to the provisions of Paragraph 3(a) herein, no party will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

15.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this Protective Order.  The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party.  If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure.  Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" – SUBJECT TO PROTECTIVE ORDER.

16.    Nothing within this Protective Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17.    Nothing in this Protective Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

18.    This Protective Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information.  The existence of this Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19.    Information designated Confidential pursuant to this Protective Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes

obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

20.    Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person.    Such disclosures shall not affect any confidential designation made pursuant to the terms of this Protective Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.    Nothing in this Protective Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information.

21.    Within forty-five (45) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it.    With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court, correspondence, and deposition and trial transcripts and exhibits that refer to or incorporate Confidential Information for archival purposes, and will continue to be bound by this Protective Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information after the conclusion of this litigation.

- 11 -

22.    The restrictions and obligations set forth within this Protective Order do not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; or (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this Protective Order.  A producing party is free to do whatever it desires with its own Confidential Information. Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, including without prior consent of any party or the Court.

23.    Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" any Materials that were produced during the course of this action without such designation before the effective date of this Protective Order, as follows:

(a)    Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" to all other parties in possession or custody of such previously undesignated Materials.  Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b)    Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Protective Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or

- 12 -

information of the effect of such designation under this Protective Order.

(c)    All such designations must be made within thirty (30) days of the date of this Protective Order.

24.    Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this Protective Order.

25.    This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

26.    The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27.    After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.    This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Protective Order following termination of this litigation.

28.    Pursuant to Federal Rule of Evidence 502(d), a producing Party's attorney-client privilege and work product protection is not waived by disclosure of the materials to the opposing side if the disclosure is unintentional. A producing Party which seeks the return of documents under this section may request the return of documents which should have been withheld on the basis of the attorney-client and/or work product protection. Upon receipt of such a request for return, the Party to whom the documents were produced must segregate the documents and return them or seek, within ten (10) days, a determination by the Court regarding whether the documents must be returned. If the protected documents are part of larger ESI productions, the receiving Party shall remove those documents from any document review database. If the producing Party wishes to have those documents or their respective metadata removed from the production

- 13 -

deliverables, it shall provide overlay production deliverables removing the affected material without otherwise altering the bates designations of unaffected documents.

Dated this 7th day of May, 2025.

Honorable Susan M. Brnovich
United States District Judge

Case 2:24-cv-03558-SMB    Document 40    Filed 05/07/25    Page 15 of 16

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

MiMedx Group, Inc.,

        Plaintiff,

  v.

Surgenex, LLC,

        Defendant.

No. 2:24-cv-03558-SMB

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, declare and say that:

1.    I am employed as _____

by _____.

2.    I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

3.    I promise that I will use any and all "Confidential" or "Confidential – For Counsel Only" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential – For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6.    I understand that any disclosure or use of "Confidential" or "Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.    I will return all "Confidential" or "Confidential – For Counsel Only" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Confidential – For Counsel Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____

                                                                          Signature

- 16 -

# Exhibit C

CLOSED,PATENT/TRADEMARK

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CIVIL DOCKET FOR CASE #: 5:14-cv-00719-RCL

MiMedx Group, Inc. v. Tissue Transplant Technology, Ltd., et al
Assigned to: Judge Royce C. Lamberth
Related Case: 1:14-cv-00464-LY
Cause: 35:100 Patent Infringement

Date Filed: 05/16/2014
Date Terminated: 09/27/2017
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**MiMedx Group, Inc.**

represented by **Bruce J. Rose**
Alston & Bird LLP
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280-4000
(704) 444-1036
Fax: (704) 444-1111
Email: bruce.rose@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deepro R. Mukerjee**
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
212.210.9400
Fax: 212.210.9444
Email: deepro.mukerjee@alston.com
*TERMINATED: 03/13/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dwayne C. Norton**
Chen Malin LLP
1700 Pacific Avenue
Suite 2400
Dallas, TX 75201
214-627-9950
Fax: 214-627-9940
Email: dnorton@chenmalin.com
*TERMINATED: 01/05/2015*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew W. Howell**
Alston & Bird
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309

404-881-7349
Email: matthew.howell@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J Newton**
Alston & Bird LLP
Chase Tower
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
214-922-3423
Fax: 214-922-3863
Email: mike.newton@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas T. Tsui**
Alston & Bird LLP
1201 West Peachtree St., Suite 4900
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777
Email: nick.tsui@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Poopak Banky**
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
212.210.9400
Fax: 212.210.9444
Email: paki.banky@alston.com
*TERMINATED: 06/29/2016*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J. Parker**
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
212.210.9400
Fax: 212.210.9444
Email: thomas.parker@alston.com
*TERMINATED: 06/29/2016*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Wesley Cameron Achey**
Alston & Bird LLP
1201 W. Peachtree St.

Atlanta, GA 30309
404-881-7000
Email: wes.achey@alston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sang Michael Lee**
Alston and Bird LLP
Chase Tower
2200 Ross Avenue
Suite 2300
Dallas, TX 75201
(214) 922-3464
Fax: 214/922-3894
Email: michael.lee@alston.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Transplant Technology, Inc.**
*TERMINATED: 06/26/2014*
*doing business as*
Bone Bank Allografts
*TERMINATED: 06/26/2014*

represented by **Robert Loye McRae**
Gunn, Lee & Cave, P.C.
300 Convent Street
Suite 1080
San Antonio, TX 78205
(210) 886-9500
Fax: (210) 886-9883
Email: rmcrae@gunn-lee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Edwin McKinnie**
McKinnie & Paul PLLC
8610 N. New Braunfels, Suite 320
San Antonio, TX 78217
(979) 571-9421
Email: jmckinnie@mckinniepaul.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Texas Human Biologics, Ltd.**

represented by **A. Jabbar Fahim**
Texas Animal Health Commission
P. O. Box 12966
Austin, TX 78732
512-719-0722
Fax: 512-719-0719
Email: jabbar.fahim@tahc.texas.gov
*TERMINATED: 04/20/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Taylor Cook**
Gunn Lee & Cave, P.C.

8023 Vantage Drive
Suite 1500
San Antonio, TX 78230
210-886-9500
Fax: 210-886-9883
Email: bcook@gunn-lee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Edwin McKinnie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Loye McRae**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tissue Transplant Technology, Ltd.**
*also known as*
Bone Bank Allografts

represented by  **A. Jabbar Fahim**
(See above for address)
*TERMINATED: 04/20/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Taylor Cook**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Edwin McKinnie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Loye McRae**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Plaintiff**

**Tissue Transplant Technology, Ltd.**

represented by  **A. Jabbar Fahim**
(See above for address)
*TERMINATED: 04/20/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Taylor Cook**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Edwin McKinnie**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert Loye McRae**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Plaintiff**

| Texas Human Biologics, Ltd. | represented by | **A. Jabbar Fahim**<br>(See above for address)<br>*TERMINATED: 04/20/2016*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Brandon Taylor Cook**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jason Edwin McKinnie**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Robert Loye McRae**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Counter Defendant**

| MiMedx Group, Inc. | represented by | **Bruce J. Rose**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Deepro R. Mukerjee**<br>(See above for address)<br>*TERMINATED: 03/13/2019*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Dwayne C. Norton**<br>(See above for address)<br>*TERMINATED: 01/05/2015*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Matthew W. Howell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicholas T. Tsui** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Poopak Banky**
(See above for address)
*TERMINATED: 06/29/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Parker**
(See above for address)
*TERMINATED: 06/29/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wesley Cameron Achey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/16/2014 | 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542-6498228). No Summons requested at this time, filed by MiMedx Group, Inc.. (Attachments: # 1 Exhibit A '687 Patent, # 2 Exhibit B '494 Patent, # 3 Civil Cover Sheet)(Norton, Dwayne) (Entered: 05/16/2014) |
| 05/16/2014 | 2 | RULE 7 DISCLOSURE STATEMENT filed by MiMedx Group, Inc.. (Norton, Dwayne) (Entered: 05/16/2014) |
| 05/16/2014 | 3 | NOTICE of Filing of Patent/Trademark Form (AO 120). by MiMedx Group, Inc. (Norton, Dwayne) (Entered: 05/16/2014) |
| 05/16/2014 | | Case Assigned to Judge Lee Yeakel. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (klw) (Entered: 05/19/2014) |
| 05/19/2014 | 4 | Report on Patent/Trademark sent to U.S. Patent and Trademark Office. (klw) (Entered: 05/19/2014) |
| 05/19/2014 | 5 | Letters to Deepro R. Mukerjee, Thomas Parker and Poopak Banky re: non-admitted status. (klw) (Entered: 05/19/2014) |
| 05/28/2014 | 6 | MOTION to Appear Pro Hac Vice by Dwayne C. Norton *for Poopak Banky* ( Filing fee $ 100 receipt number 0542-6526570) by on behalf of MiMedx Group, Inc.. (Norton, Dwayne) (Entered: 05/28/2014) |
| 05/28/2014 | 7 | MOTION to Appear Pro Hac Vice by Dwayne C. Norton *for Deepro R. Mukerjee* ( Filing fee $ 100 receipt number 0542-6526638) by on behalf of MiMedx Group, Inc.. (Norton, Dwayne) (Entered: 05/28/2014) |
| 05/29/2014 | 8 | MOTION to Appear Pro Hac Vice by Dwayne C. Norton *for Thomas J. Parker* ( Filing fee $ 100 receipt number 0542-6528786) by on behalf of MiMedx Group, Inc.. (Norton, Dwayne) (Entered: 05/29/2014) |

| 05/29/2014 | 9 | ORDER GRANTING 6 Motion for Deepro R. Mukerjee to Appear Pro Hac Vice on behalf of Plaintiff. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (klw) (Entered: 05/29/2014) |
| --- | --- | --- |
| 05/29/2014 | 10 | ORDER GRANTING 7 Motion for Poopak Banky to Appear Pro Hac Vice on behalf of Plaintiff. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (klw) (Entered: 05/29/2014) |
| 05/30/2014 | 11 | ORDER GRANTING 8 Motion for Thomas J. Parker to Appear Pro Hac Vice on behalf of Plaintiff. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Lee Yeakel. (klw) (Entered: 05/30/2014) |
| 05/30/2014 | 12 | REQUEST FOR ISSUANCE OF SUMMONS by MiMedx Group, Inc.. *for Transplant Technology, Inc.d/b/a Bone Bank Allografts* (Norton, Dwayne) (Entered: 05/30/2014) |
| 05/30/2014 | 13 | REQUEST FOR ISSUANCE OF SUMMONS by MiMedx Group, Inc.. *for Texas Human Biologics, Ltd.* (Norton, Dwayne) (Entered: 05/30/2014) |
| 06/02/2014 | 14 | Summons Issued as to Texas Human Biologics, Ltd., Transplant Technology, Inc. (klw) (Entered: 06/02/2014) |
| 06/11/2014 | 15 | SUMMONS Returned Executed by MiMedx Group, Inc.. Transplant Technology, Inc. served on 6/5/2014, answer due 6/26/2014. (Norton, Dwayne) (Entered: 06/11/2014) |
| 06/11/2014 | 16 | SUMMONS Returned Executed by MiMedx Group, Inc.. Texas Human Biologics, Ltd. served on 6/5/2014, answer due 6/26/2014. (Norton, Dwayne) (Entered: 06/11/2014) |
| 06/26/2014 | 17 | AMENDED COMPLAINT against Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. amending, filed by MiMedx Group, Inc.. (Attachments: # 1 Exhibit USP '687, # 2 Exhibit USP '494)(Norton, Dwayne) (Entered: 06/26/2014) |
| 07/10/2014 | 18 | *Defendants'* ANSWER to 17 Amended Complaint with Jury Demand . Attorney Robert Loye McRae added to party Texas Human Biologics, Ltd.(pty:dft), Attorney Robert Loye McRae added to party Tissue Transplant Technology, Ltd.(pty:dft), COUNTERCLAIM against MiMedx Group, Inc. by Tissue Transplant Technology, Ltd., Texas Human Biologics, Ltd..(McRae, Robert) (Entered: 07/10/2014) |
| 07/10/2014 | 19 | Opposed MOTION to Transfer Case by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(McRae, Robert) (Entered: 07/10/2014) |
| 07/21/2014 | 20 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 19 Opposed MOTION to Transfer Case filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Attachments: # 1 Proposed Order)(Norton, Dwayne) (Entered: 07/21/2014) |
| 07/22/2014 | 21 | Letter to Natalie C. Clayton re: non-admitted status. (klw) (Entered: 07/22/2014) |
| 07/25/2014 | 22 | REPLY to Response to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 19 Opposed MOTION to Transfer Case filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (McKinnie, Jason) (Entered: 07/25/2014) |

| 08/04/2014 | 23 | ANSWER to 18 Answer to Amended Complaint, Counterclaim,, by MiMedx Group, Inc.. (Norton, Dwayne) (Entered: 08/04/2014) |
| 08/12/2014 | 24 | ORDER GRANTING Defendants' Opposed 19 Motion to Transfer Venue. IT IS ORDERED that the Clerk of Court TRANSFER the above-styled and numbered cause to the San Antonio division of the United States District Court for the WesternDistrict of Texas. Signed by Judge Lee Yeakel. (klw) (Entered: 08/12/2014) |
| 08/12/2014 | | Remark: THIS CASE HAS BEEN ASSIGNED TO JUDGE HARRY LEE HUDSPETH (aej) (Entered: 08/12/2014) |
| 08/12/2014 | | CASE REFERRED to Magistrate Judge John W. Primomo. (aej) (Entered: 08/12/2014) |
| 08/12/2014 | | CASE NO LONGER REFERRED to Magistrate Judge John W. Primomo. (rf) (Entered: 08/12/2014) |
| 08/12/2014 | | If ordered by the court, all referrals will be assigned to Magistrate Judge Primomo (rf) (Entered: 08/12/2014) |
| 08/13/2014 | 25 | SCHEDULING ORDER: ADR Report Deadline due by 10/15/2014, Amended Pleadings due by 9/15/2014, Discovery due by 1/15/2015,. Signed by Judge Harry Lee Hudspeth. (rf) (Entered: 08/13/2014) |
| 09/09/2014 | 26 | NOTICE of Filing Joint Rule 26 Report and Discovery Plan by MiMedx Group, Inc., Tissue Transplant Technology, Ltd, Texas Human Biologics, Ltd. (Attachments: # 1 Exhibit A- Proposed Schedule)(Norton, Dwayne) Modified on 9/10/2014 to add all filers (aej). (Entered: 09/09/2014) |
| 09/10/2014 | | Notice of Correction: ***NOTIFIED COUNSEL THAT THIS ENTRY HAS BEEN EDITED TO REFLECT ALL FILERS***re 26 Notice of Filing. (aej) (Entered: 09/10/2014) |
| 09/11/2014 | 27 | RULE 7 DISCLOSURE STATEMENT filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Fahim, A.) (Entered: 09/11/2014) |
| 09/30/2014 | 28 | NOTICE *Joint Notice Regarding Parties' Submission of Protective Order* by MiMedx Group, Inc., Tissue Transplant Technology, Ltd., Texas Human Biologics, Ltd. (Norton, Dwayne) Modified on 10/1/2014, to add filers (rf). (Entered: 09/30/2014) |
| 10/01/2014 | | Notice of Correction: ***NOTIFIED COUNSEL THAT "Tissue Transplant Technology, Ltd., and Human Biologics of Texas, Ltd." HAVE BEEN ADDED AS FILERS OF THIS DOCUMENT****re 28 Notice (rf) (Entered: 10/01/2014) |
| 10/15/2014 | 29 | ADR Report Filed - *Joint ADR Report* by MiMedx Group, Inc.(Norton, Dwayne) Modified on 10/15/2014, to add filers (rf). (Entered: 10/15/2014) |
| 10/15/2014 | | Notice of Correction: ***NOTIFIED COUNSEL THAT THE DEFENDANTS HAVE BEEN ADDED AS FILERS OF THIS DOCUMENT*** re 29 ADR Report - Other. (rf) (Entered: 10/15/2014) |
| 10/15/2014 | 30 | Opposed MOTION for Protective Order by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order, # 2 Exhibit A)(McRae, Robert) (Entered: 10/15/2014) |
| 10/22/2014 | 31 | RESPONSE to Motion, filed by MiMedx Group, Inc., re 30 Opposed MOTION for Protective Order filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Norton, Dwayne) (Entered: 10/22/2014) |

| 10/29/2014 | 32 | REPLY to Response to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 30 Opposed MOTION for Protective Order filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (McKinnie, Jason) (Entered: 10/29/2014) |
| --- | --- | --- |
| 10/30/2014 | 33 | NOTICE of Attorney Appearance by Sang Michael Lee on behalf of MiMedx Group, Inc.. Attorney Sang Michael Lee added to party MiMedx Group, Inc.(pty:pla) (Lee, Sang) (Entered: 10/30/2014) |
| 10/31/2014 | 34 | ORDER GRANTING 30 Motion for Protective Order. Counsel for Defendants are deirected to furnish a standard protective order to the Court. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 10/31/2014) |
| 11/03/2014 | 35 | NOTICE *of Filing of the Standard Protective Order* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. re 34 Order on Motion for Protective Order (Attachments: # 1 Exhibit A - Standard Protective Order)(Fahim, A.) (Entered: 11/03/2014) |
| 11/03/2014 | 36 | CONFIDENTIALITY AND PROTECTIVE ORDER. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 11/04/2014) |
| 12/01/2014 | 37 | Opposed MOTION to Stay Case *Pending Inter Partes Review at the USPTO* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order, # 2 Exhibit A - Changes to Implement IPR, # 3 Exhibit B - Statistics for Orders on Motions to Stay, # 4 Affidavit Declaration of A. Jabbar Fahim)(Fahim, A.) (Entered: 12/01/2014) |
| 12/09/2014 | 38 | ORDER that the Plaintiff respond to the Defendants' motion no later than December 11, 2014. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 12/09/2014) |
| 12/11/2014 | 39 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 37 Opposed MOTION to Stay Case *Pending Inter Partes Review at the USPTO* filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Attachments: # 1 Affidavit of Mike Carlton, # 2 Affidavit of Dwayne Norton, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Proposed Order)(Norton, Dwayne) (Entered: 12/11/2014) |
| 12/11/2014 | 40 | NOTICE of Filing *of Petition for Inter Parte Review on U.S. Patent No. 8,597,687* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (McRae, Robert) (Entered: 12/11/2014) |
| 12/14/2014 | 41 | REPLY to Response to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 37 Opposed MOTION to Stay Case *Pending Inter Partes Review at the USPTO* filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Fahim, A.) (Entered: 12/14/2014) |
| 12/19/2014 | 42 | NOTICE of Filing Joint Claim Construction and Prehearing Statement Pursuant to Joint Rule 26 Report and Discovery Plan by MiMedx Group, Inc., Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(McRae, Robert) Modified on 12/21/2014, to add filer (rf). (Entered: 12/19/2014) |
| 12/21/2014 | | Notice of Correction:***NOTIFIED COUNSEL THAT THE PLAINTIFF HAS BEEN ADDED AS A FILER OF THIS DOCUMENT*** re 42 Notice of Filing,. (rf) (Entered: 12/21/2014) |
| 12/29/2014 | 43 | NOTICE of Attorney Appearance by Michael J Newton on behalf of MiMedx Group, Inc.. Attorney Michael J Newton added to party MiMedx Group, Inc.(pty:pla) (Newton, Michael) (Entered: 12/29/2014) |

| 12/31/2014 | 44 | Unopposed MOTION to Withdraw as Attorney *Dwayne C. Norton* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Norton, Dwayne) (Entered: 12/31/2014) |
|---|---|---|
| 01/05/2015 | 45 | ORDER DENYING 37 Motion for Immediate Stay. Signed by Judge Harry Lee Hudspeth. (rf) (Entered: 01/05/2015) |
| 01/05/2015 | 46 | ORDER GRANTING 44 Motion to Withdraw as Attorney. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 01/05/2015) |
| 01/08/2015 | 47 | MOTION to Compel by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order, # 2 Exhibit A - Plaintiff's Responses to Defendants' 1st Set of Requests for Production, # 3 Exhibit B - Defendants' Dec. 17, 2014 Letter, # 4 Exhibit C - Plaintiff's Dec. 30, 2014 Letter)(Fahim, A.) (Entered: 01/08/2015) |
| 01/09/2015 | 48 | ORDER REFERRING MOTION: 47 MOTION to Compel filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. Signed by Judge Harry Lee Hudspeth.. Referral Magistrate Judge: John W. Primomo. (aej) (Entered: 01/09/2015) |
| 01/14/2015 | 49 | ORDER Setting Hearing on 47 MOTION to Compel : Motion Hearing set for 1/29/2015 9:30 AM before Judge John W. Primomo. Signed by Judge John W. Primomo. (aej) (Entered: 01/14/2015) |
| 01/15/2015 | 50 | MOTION to Appear Pro Hac Vice by Michael J Newton *on behalf of Wesley Achey* ( Filing fee $ 100 receipt number 0542-7129901) by on behalf of MiMedx Group, Inc.. (Attachments: # 1 Proposed Order Granting Motion for Admission Pro Hac Vice) (Newton, Michael) (Entered: 01/15/2015) |
| 01/15/2015 | 51 | ORDER GRANTING 50 Motion to Appear Pro Hac Vice for Attorney Wesley Achey for MiMedx Group, Inc.,Wesley Achey for MiMedx Group, Inc. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 01/15/2015) |
| 01/15/2015 | 52 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 47 MOTION to Compel filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Attachments: # 1 Proposed Order Proposed Order, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4, # 6 Exhibit Exhibit 5, # 7 Exhibit Exhibit 6, # 8 Exhibit Exhibit 7, # 9 Exhibit Exhibit 8, # 10 Exhibit Exhibit 9)(Lee, Sang) (Entered: 01/15/2015) |
| 01/16/2015 | 53 | AMENDED ORDER Setting Hearing on 47 MOTION to Compel : Motion Hearing set for 1/28/2015 9:30 AM before Judge John W. Primomo. Signed by Judge John W. Primomo. (aej) (Entered: 01/16/2015) |
| 01/22/2015 | 54 | Unopposed MOTION to Continue 53 *Hearing on 47 Motion to Compel* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order, # 2 Exhibit A - Email)(Fahim, A.) (Entered: 01/22/2015) |
| 01/27/2015 | 55 | ORDER GRANTING re 54 Unopposed MOTION to Continue 53 *Hearing on 47 Motion to Compel* filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., ( Motion Hearing Re-set for 2/25/2015 09:30 AM before Judge John W. Primomo,). Signed by Judge John W. Primomo. (wg) (Entered: 01/27/2015) |
| 02/02/2015 | 56 | MOTION for Leave to Exceed Page Limitation *of Mimedx Group, Inc. Opening Claim Construction Brief* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order, # 2 Brief Mimedx Opening Claim Construction Brief, # 3 Affidavit of Sang (Michael) Lee, # 4 Exhibit A, # 5 Exhibit B, # 6 Exhibit C, # 7 Exhibit D, # 8 Exhibit E, # 9 Exhibit F, # 10 |

|  |  |  |
|---|---|---|
|  |  | Exhibit G, # 11 Exhibit H, # 12 Exhibit I, # 13 Exhibit J, # 14 Exhibit K, # 15 Exhibit L, # 16 Exhibit M, # 17 Exhibit N, # 18 Exhibit O, # 19 Exhibit P, # 20 Exhibit Q, # 21 Exhibit R, # 22 Exhibit S, # 23 Exhibit T, # 24 Exhibit U, # 25 Exhibit V)(Lee, Sang) (Entered: 02/02/2015) |
| 02/10/2015 | 57 | ORDER re 56 MOTION for Leave to Exceed Page Limitation *of Mimedx Group, Inc. Opening Claim Construction Brief* filed by MiMedx Group, Inc. Defendants response to Plaintiff's motion is due no later than February 13, 2015. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 02/10/2015) |
| 02/12/2015 | 58 | ***DOCUMENT IS DEFICIENT - MISSING CERTIFICATE OF SERVICE***NOTICE *of Withdrawal of Defendants' Opposition to Plaintiff's Motion to Exceed the Page Limitation of its Opening Claim Construction Brief* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. re 56 MOTION for Leave to Exceed Page Limitation *of Mimedx Group, Inc. Opening Claim Construction Brief* (McRae, Robert) Modified on 2/12/2015 to designate deficiency (aej). (Entered: 02/12/2015) |
| 02/12/2015 | 59 | ORDER GRANTING 56 Motion for Leave to File Excess Pages. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 02/12/2015) |
| 02/12/2015 | 60 | BRIEF by MiMedx Group, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit)(aej) (Entered: 02/12/2015) |
| 02/12/2015 | 61 | DEFICIENCY NOTICE: ***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT - MISSING CERTIFICATE OF SERVICE*** re 58 Notice (Other), (aej) (Entered: 02/12/2015) |
| 02/12/2015 | 62 | CERTIFICATE OF SERVICE by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. 58 Notice (Other), (McRae, Robert) (Entered: 02/12/2015) |
| 02/20/2015 | 63 | Unopposed MOTION for Leave to Exceed Page Limitation by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Proposed Order, # 2 Brief Defendants' Responsive Claim Construction Brief, # 3 Exhibit Ex A, # 4 Exhibit Ex B, # 5 Exhibit Ex C/Declaration, # 6 Exhibit Ex D, # 7 Exhibit Ex E, # 8 Exhibit Ex F, # 9 Exhibit Ex G, # 10 Exhibit Ex H, # 11 Exhibit Ex I, # 12 Exhibit Ex J, # 13 Exhibit Ex K, # 14 Exhibit Ex L, # 15 Exhibit Ex M, # 16 Exhibit Ex N, # 17 Exhibit Ex O, # 18 Exhibit Ex P)(McKinnie, Jason) (Entered: 02/20/2015) |
| 02/24/2015 | 64 | ORDER GRANTING 63 Motion for Leave to File Excess Pages. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 02/24/2015) |
| 02/24/2015 | 65 | RESPONSE to 60 Brief, by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit)(aej) (Entered: 02/24/2015) |
| 02/25/2015 | 66 | Minute Entry for proceedings held before Judge John W. Primomo: Motion Hearing not held on 2/25/2015 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold.)(aej) (Entered: 02/26/2015) |
| 02/27/2015 | 67 | BRIEF regarding 65 Response, by MiMedx Group, Inc.. (Lee, Sang) (Entered: 02/27/2015) |

| 03/11/2015 | 68 | NOTICE of Vacation by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (aej) (Entered: 03/11/2015) |
| --- | --- | --- |
| 03/16/2015 | 69 | ORDER DISMISSING 47 Motion to Compel Signed by Judge John W. Primomo. (wg) (Entered: 03/17/2015) |
| 06/23/2015 | 70 | MOTION to Appear Pro Hac Vice by Michael J Newton *on behalf of Matthew W. Howell* ( Filing fee $ 100 receipt number 0542-7555993) by on behalf of MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 06/23/2015) |
| 06/24/2015 | 71 | ORDER GRANTING 70 Motion to Appear Pro Hac Vice for Attorney Matthew W. Howell for MiMedx Group, Inc.,Matthew W. Howell for MiMedx Group, Inc.. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 06/24/2015) |
| 06/25/2015 | 72 | ORDER, ( Markman Hearing set for 7/24/2015 10:30 AM before Judge Harry Lee Hudspeth). Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 06/25/2015) |
| 06/29/2015 | 73 | MOTION to Appear Pro Hac Vice by MiMedx Group, Inc.. (aej) (Entered: 06/30/2015) |
| 07/02/2015 | | Notice of Correction: ***NOTIFIED COUNSEL THAT THIS DOCUMENT HAS BEEN TERMINATED. IT IS A DUPLICATE OF DOC #70**** re 73 MOTION to Appear Pro Hac Vice. (rf) (Entered: 07/02/2015) |
| 07/02/2015 | 74 | ADVISORY TO THE COURT by MiMedx Group, Inc.. (Attachments: # 1 Exhibit A decision denying institution)(Lee, Sang) (Entered: 07/02/2015) |
| 07/15/2015 | 75 | Second MOTION to Stay Case by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Proposed Order)(McRae, Robert) (Entered: 07/15/2015) |
| 07/15/2015 | 76 | Opposed MOTION to Continue *the Markman Hearing* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order)(McRae, Robert) (Entered: 07/15/2015) |
| 07/15/2015 | 77 | Opposed MOTION to Expedite *RESPONSE TO DEFENDANTS MOTION TO CONTINUE THE MARKMAN HEARING AND EXPEDITED RULING ON THE SAME* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order)(McRae, Robert) (Entered: 07/15/2015) |
| 07/16/2015 | 78 | ORDER GRANTING 77 Motion to Expedite. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/16/2015) |
| 07/17/2015 | 79 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 76 Opposed MOTION to Continue *the Markman Hearing* filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 07/17/2015) |
| 07/20/2015 | 80 | REPLY to Response to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 76 Opposed MOTION to Continue *the Markman Hearing* filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (Fahim, A.) (Entered: 07/20/2015) |
| 07/20/2015 | 81 | ORDER GRANTING 76 Motion to Continue. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/20/2015) |

| 07/22/2015 | 82 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Mimedx Opposition to Defendants' 2nd Motion for Stay, # 3 Sealed Document Proposed Order for Mimedx Opposition to Defendants' 2nd Motion for Stay, # 4 Sealed Document Sang Lee Declaration, # 5 Sealed Document Ex.A, # 6 Sealed Document Ex.B, # 7 Sealed Document Ex.C, # 8 Sealed Document Ex.D, # 9 Sealed Document Ex.E, # 10 Sealed Document Ex.F, # 11 Sealed Document Ex.G, # 12 Sealed Document Ex.H) (Newton, Michael) (Entered: 07/22/2015) |
|---|---|---|
| 07/23/2015 | 83 | ORDER GRANTING 82 Motion for Leave to File Sealed Document Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/23/2015) |
| 07/23/2015 | 84 | Sealed Document filed (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit) (aej) (Entered: 07/23/2015) |
| 07/29/2015 | 85 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Reply In Support of Defendant's Second Moton to Stay, # 3 Sealed Document Exhibit A, # 4 Sealed Document Exhibit B, # 5 Sealed Document Exhibit C, # 6 Sealed Document Exhibit D, # 7 Sealed Document Exhibit E, # 8 Sealed Document Exhibit F, # 9 Sealed Document Exhibit G, # 10 Sealed Document Exhibit H, # 11 Sealed Document Exhibit I, # 12 Sealed Document Declaration of Jabbar Fahim) (McRae, Robert) (Entered: 07/29/2015) |
| 07/30/2015 | 86 | ORDER GRANTING 85 Motion for Leave to File Sealed Document. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 07/30/2015) |
| 07/30/2015 | 87 | Sealed Document filed (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit) (aej) (Entered: 07/30/2015) |
| 08/10/2015 | 88 | Correspondence to Attorney Matthew W. Howell regarding Admission to Practice within the Western District of Texas. (sf) (Entered: 08/10/2015) |
| 08/20/2015 | 89 | ORDER GRANTING IN PART AND DENYING IN PART 75 Motion to Stay Case. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 08/21/2015) |
| 08/21/2015 | 90 | NOTICE of Vacation by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd. (McRae, Robert) (Entered: 08/21/2015) |
| 08/24/2015 | 91 | Vacation Letter for attorney Robert L. McRae from Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc. (aej) (Entered: 08/25/2015) |
| 09/03/2015 | 92 | ORDER, ( Markman Hearing set for 10/2/2015 10:30 AM before Judge Harry Lee Hudspeth). Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 09/03/2015) |
| 09/03/2015 | 93 | NOTICE of Hearing: Markman Hearing set for 10/2/2015 10:30 AM before Judge Harry Lee Hudspeth(aej) (Entered: 09/03/2015) |
| 10/02/2015 | 94 | Minute Entry for proceedings held before Judge Harry Lee Hudspeth: Markman Hearing held on 10/2/2015 (Minute entry documents are not available electronically.) (Court Reporter Leticia Rangel.)(aej) (Entered: 10/02/2015) |
| 11/13/2015 | 95 | Transcript filed of Proceedings held on 10/02/2015, Proceedings Transcribed: MARKMAN HEARING. Court Reporter/Transcriber: Leticia Ornelas Rangel, Telephone number: 210-244-5039. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. |

| | | The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 12/4/2015, Redacted Transcript Deadline set for 12/14/2015, Release of Transcript Restriction set for 2/11/2016, (Rangel, Leticia) (Entered: 11/13/2015) |
|---|---|---|
| 12/18/2015 | 96 | ORDER REGARDING CLAIM CONSTRUCTION re 94 Markman Hearing. Signed by Judge Harry Lee Hudspeth. (wg) (Entered: 12/18/2015) |
| 01/19/2016 | 97 | Proposed Scheduling Order *Joint Proposed Schedule* by MiMedx Group, Inc.. (Lee, Sang) (Entered: 01/19/2016) |
| 01/20/2016 | 98 | ORDER REASSIGNING CASE. Case reassigned to Judge Fred Biery for all proceedings. Judge Harry Lee Hudspeth no longer assigned to case. Signed by Judge Harry Lee Hudspeth. (aej) (Entered: 01/22/2016) |
| 04/01/2016 | 99 | Proposed Scheduling Order *First Amended Joint Proposed Schedule* by MiMedx Group, Inc.. (Lee, Sang) (Entered: 04/01/2016) |
| 04/12/2016 | 100 | Unopposed MOTION to Withdraw as Attorney by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Proposed Order Proposed Order for Unopposed Motion to Withdraw as Counsel)(Fahim, A.) (Entered: 04/12/2016) |
| 04/20/2016 | 101 | ORDER GRANTING 100 Motion to Withdraw as Attorney. Signed by Judge Fred Biery. (aej) (Entered: 04/20/2016) |
| 04/20/2016 | 102 | AMENDED SCHEDULING ORDER, ( Discovery due by 6/3/2016, Motions due by 9/9/2016). Signed by Judge Fred Biery. (aej) (Entered: 04/21/2016) |
| 06/27/2016 | 103 | Unopposed MOTION to Withdraw as Attorney *Poopak Banky* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 06/27/2016) |
| 06/27/2016 | 104 | Unopposed MOTION to Withdraw as Attorney *Thomas J. Parker* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 06/27/2016) |
| 06/29/2016 | 105 | ORDER GRANTING 103 Motion to Withdraw as Attorney. Signed by Judge Fred Biery. (wg) (Entered: 06/29/2016) |
| 06/29/2016 | 106 | ORDER GRANTING 104 Motion to Withdraw as Attorney. Signed by Judge Fred Biery. (wg) (Entered: 06/29/2016) |
| 08/23/2016 | 107 | MOTION to Appear Pro Hac Vice by Michael J Newton *on behalf of Bruce J. Rose* ( Filing fee $ 100 receipt number 0542-8781751) by on behalf of MiMedx Group, Inc.. (Attachments: # 1 Proposed Order Granting Motion for Admission Pro Hac Vice) (Newton, Michael) (Entered: 08/23/2016) |
| 09/09/2016 | 108 | MOTION for Summary Judgment *That Claim 9 of U.S. Patent No. 8,709,494 B2 is PAtent Eligible Under 35 U.S.C. § 101* by MiMedx Group, Inc.. (Attachments: # 1 Memo in Support, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9)(Newton, Michael) (Entered: 09/09/2016) |
| 09/09/2016 | 109 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order Proposed Order File Under Seal, # 2 Sealed Document Motion to Exclude Expert Testimony of Rosemary Tambouret, # 3 Proposed Order Proposed Order to Motion to Exclude, # 4 Sealed Document Exhibit A, # 5 Sealed Document Exhibit B, # 6 Sealed Document Exhibit C, # 7 Sealed Document Exhibit D, # 8 Sealed Document Exhibit E, # 9 Sealed Document Exhibit F, # 10 Sealed Document Exhibit G, # 11 Sealed Document Exhibit H, # 12 Sealed Document Exhibit I) (McRae, Robert) (Entered: 09/09/2016) |

| | | |
|---|---|---|
| 09/09/2016 | 110 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Brief Motion for Summary Judgment, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Proposed Order) (McKinnie, Jason) (Entered: 09/09/2016) |
| 09/09/2016 | 111 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Brief Motion to Exclude Hofmann, # 2 Exhibit Ex A, # 3 Exhibit Ex B, # 4 Exhibit Ex C, # 5 Exhibit Ex D, # 6 Exhibit Ex D, # 7 Proposed Order Proposed Order Motion to File Under Seal, # 8 Proposed Order Proposed Order Motion to Exclude Hofmann) (McKinnie, Jason) (Entered: 09/09/2016) |
| 09/09/2016 | 112 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order Proposed Order, # 2 Brief MSJ for Non-Infringement, # 3 Exhibit Ex A, # 4 Exhibit Ex B, # 5 Exhibit Ex C, # 6 Exhibit Ex D, # 7 Exhibit Ex E, # 8 Exhibit Ex F, # 9 Exhibit Ex G, # 10 Exhibit Ex H, # 11 Exhibit Ex I, # 12 Exhibit Ex J, # 13 Exhibit Ex K) (McKinnie, Jason) (Entered: 09/09/2016) |
| 09/13/2016 | 113 | ORDER GRANTING 107 Motion to Appear Pro Hac Vice for Attorney Bruce J. Rose for MiMedx Group, Inc.,Bruce J. Rose for MiMedx Group, Inc. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Fred Biery. (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 114 | ORDER GRANTING 109 Motion for Leave to File Sealed Document; GRANTING 110 Motion for Leave to File Sealed Document; GRANTING 111 Motion for Leave to File Sealed Document; GRANTING 112 Motion for Leave to File Sealed Document. Signed by Judge Fred Biery. (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 115 | Sealed Motion filed, MOTION TO EXCLUDE THE EXPERT TESTIMONY OF ROSEMARY HOFFMANN TAMBOURET, M.D. (Attachments: # 1 Proposed Order, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit) (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 116 | Sealed Motion filed, Motion for Summary Judgment Concerning the Invalidity of U.S. Pat. 8,709,484 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Proposed Order) (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 117 | Sealed Motion filed, Motion to Exclude Testimony of Plaintiffs Damages Expert Ivan Hofmann (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Proposed Order) (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 118 | Sealed Motion filed, MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit) (aej) (Entered: 09/13/2016) |
| 09/13/2016 | 119 | ORDER REFERRING CASE to Magistrate Judge John W. Primomo. Signed by Judge Fred Biery. Referral Magistrate Judge: John W. Primomo. (aej) (Entered: 09/13/2016) |
| 09/13/2016 | | Motions No Longer Referred: 47 MOTION to Compel (aej) (Entered: 09/13/2016) |
| 09/16/2016 | 120 | Joint MOTION to Amend Scheduling Order Regarding Briefing re 102 Order, Set Deadlines/Hearings, Terminate Motions by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order). Motions referred to Judge John W. Primomo. (McKinnie, Jason) (Entered: 09/16/2016) |

| 09/22/2016 | 121 | AMENDED SCHEDULING ORDER, ( Motions due by 9/30/2016). Signed by Judge John W. Primomo. (aej) (Entered: 09/23/2016) |
|---|---|---|
| 09/30/2016 | 122 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order, # 2 Sealed Document Opposition to MSJ of Non-Infringement, # 3 Sealed Document Ex.1, # 4 Sealed Document Ex.2, # 5 Sealed Document Ex.3, # 6 Sealed Document Ex.4, # 7 Sealed Document Ex.5, # 8 Sealed Document Ex.6, # 9 Sealed Document Ex.7, # 10 Sealed Document Ex.8, # 11 Sealed Document Ex.9, # 12 Sealed Document Ex.10, # 13 Sealed Document Ex.11, # 14 Sealed Document Ex.12, # 15 Sealed Document Ex.13, # 16 Sealed Document Ex.14) (Newton, Michael) Modified on 10/3/2016 (aej). (Entered: 09/30/2016) |
| 09/30/2016 | 123 | MOTION to Seal, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 108 MOTION for Summary Judgment *That Claim 9 of U.S. Patent No. 8,709,494 B2 is PAtent Eligible Under 35 U.S.C. § 101* filed by Plaintiff MiMedx Group, Inc. (Attachments: # 1 Proposed Order, # 2 Response to Dkt. #108, # 3 Sealed Document Exhibit A, # 4 Sealed Document Exhibit B, # 5 Sealed Document Exhibit C, # 6 Sealed Document Exhibit D, # 7 Sealed Document Exhibit E, # 8 Sealed Document Exhibit F, # 9 Sealed Document Exhibit G, # 10 Sealed Document Exhibit H, # 11 Sealed Document Exhibit I, # 12 Sealed Document Exhibit J)(McRae, Robert) Modified on 10/3/2016 (aej). (Entered: 09/30/2016) |
| 09/30/2016 | 124 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order, # 2 Sealed Document MiMedx's Opposition to Defendants' Motion for Summary Judgment Concerning the Validity of U.S. Patent No. 8,709,494, # 3 Sealed Document Exhibit 1 SEALED, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Sealed Document Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14) (Newton, Michael) Modified on 10/3/2016 (aej). (Entered: 09/30/2016) |
| 10/03/2016 | 125 | ORDER GRANTING 122 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (aej) Modified on 10/3/2016 to reflect correct motion(aej). (Entered: 10/03/2016) |
| 10/03/2016 | 126 | Sealed Document filed. Mimedx's Opposition to Motion for Summary Judgment (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit) (aej) (Entered: 10/03/2016) |
| 10/04/2016 | 127 | ORDER GRANTING 123 Motion to Seal. Signed by Judge John W. Primomo. (aej) (Entered: 10/05/2016) |
| 10/04/2016 | 128 | ORDER GRANTING 124 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (aej) (Entered: 10/05/2016) |
| 10/04/2016 | 129 | Sealed Document filed. DEFENDANTS RESPONSE TO PLAINTIFF MIMEDX GROUP, INC.SMOTION FOR SUMMARY JUDGMENT THAT CLAIM 9 OF U.S. PATENT NO.8,709,494 B2 IS PATENT ELIGIBLE UNDER 35 U.S.C. § 101 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit) (aej) (Entered: 10/05/2016) |
| 10/04/2016 | 130 | Sealed Document filed. MIMEDXS OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT CONCERNING THE VALIDITY OF UNITED STATES PATENT NO. 8,709,494 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit) (aej) (Entered: 10/05/2016) |

| 10/07/2016 | 131 | Unopposed MOTION for Leave to Exceed Page Limitation *for MiMedx's Opposition to Defendants Motion to Exclude the Expert Testimony of Rosemary Hoffman Tambouret, M.D* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order). Motions referred to Judge John W. Primomo. (Newton, Michael) (Entered: 10/07/2016) |
| --- | --- | --- |
| 10/07/2016 | 132 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order, # 2 Sealed Document Opposition to Defendants Motion to Exclude the Expert Testimony of Rosemary Hoffman Tambouret, M.D, # 3 Sealed Document Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3) (Newton, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 133 | Unopposed MOTION for Leave to Exceed Page Limitation *for Plaintiffs Opposition to Defendants Motion to Exclude Testimony of Plaintiffs Damages Expert Ivan Hofmann* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order). Motions referred to Judge John W. Primomo. (Newton, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 134 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 108 MOTION for Summary Judgment *That Claim 9 of U.S. Patent No. 8,709,494 B2 is PAtent Eligible Under 35 U.S.C. § 101* filed by Plaintiff MiMedx Group, Inc. (Newton, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 135 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order, # 2 Sealed Document MiMedx's Opposition to Defendants' Moiton to Exclude Testimony of Plaintiff's Damages Expert Ivan Hofmann, # 3 Sealed Document Exhibit 1, # 4 Sealed Document Exhibit 2, # 5 Exhibit 3, # 6 Sealed Document Exhibit 4, # 7 Sealed Document Exhibit 5, # 8 Sealed Document Exhibit 6, # 9 Sealed Document Exhibit 7) (Newton, Michael) (Entered: 10/07/2016) |
| 10/07/2016 | 136 | Unopposed MOTION for Leave to Exceed Page Limitation by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge John W. Primomo. (McKinnie, Jason) (Entered: 10/07/2016) |
| 10/07/2016 | 137 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order Proposed Order, # 2 Brief Reply, # 3 Exhibit Ex A, # 4 Exhibit Ex B, # 5 Exhibit Ex C, # 6 Exhibit Ex D, # 7 Exhibit Ex E, # 8 Exhibit Ex F) (McKinnie, Jason) (Entered: 10/07/2016) |
| 10/07/2016 | 138 | Unopposed MOTION for Leave to Exceed Page Limitation by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Proposed Order Proposed Order). Motions referred to Judge John W. Primomo. (McKinnie, Jason) (Entered: 10/07/2016) |
| 10/07/2016 | 139 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Proposed Order Proposed Order, # 2 Brief Reply in Support of MSJ regarding invalidity, # 3 Exhibit Ex A, # 4 Exhibit Ex B, # 5 Exhibit Ex C, # 6 Exhibit Ex D, # 7 Exhibit Ex E, # 8 Exhibit Ex F, # 9 Exhibit Ex G, # 10 Exhibit Ex H) (McKinnie, Jason) (Entered: 10/07/2016) |
| 10/13/2016 | 140 | ORDER GRANTING 135 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (rf) (Entered: 10/13/2016) |
| 10/13/2016 | 141 | Sealed Document filed Opposition to doc 117 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7) (rf) (Entered: 10/13/2016) |
| 10/13/2016 | 142 | ORDER GRANTING 132 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (rf) (Entered: 10/13/2016) |

| 10/13/2016 | 143 | Sealed Document filed Opposition to doc 115 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (rf) (Entered: 10/13/2016) |
| 10/13/2016 | 144 | ORDER GRANTING 138 Motion for Leave to Exceed Page Limits. Signed by Judge John W. Primomo. (rf) (Entered: 10/13/2016) |
| 10/13/2016 | 145 | ORDER GRANTING 133 Motion for Leave to Exceed Page Limit. Signed by Judge John W. Primomo. (rf) (Entered: 10/13/2016) |
| 10/13/2016 | 146 | ORDER GRANTING 136 Motion for Leave to Exceed Page Limits. Signed by Judge John W. Primomo. (rf) (Entered: 10/14/2016) |
| 10/13/2016 | 147 | ORDER GRANTING 139 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (rf) (Entered: 10/14/2016) |
| 10/13/2016 | 148 | Sealed Document filed Reply to Response to doc 116 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (rf) (Entered: 10/14/2016) |
| 10/13/2016 | 149 | ORDER GRANTING 137 Motion for Leave to File Sealed Document. Signed by Judge John W. Primomo. (rf) (Entered: 10/14/2016) |
| 10/13/2016 | 150 | Sealed Document filed Reply to Response to doc 118 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (rf) (Entered: 10/14/2016) |
| 10/14/2016 | 151 | Unopposed MOTION for Leave to Exceed Page Limitation *of Defendants' Reply in Support of Defendants' Motion to Exclude the Testimony of Rosemary Hoffman Tambouret, MD* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order). Motions referred to Judge John W. Primomo. (McKinnie, Jason) (Entered: 10/14/2016) |
| 10/14/2016 | 152 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Sealed Document Defendants' Reply in Support of Defendants' Motion to Exclude the Testimony of Rosemary Hoffman Tambouret, MD, # 2 Proposed Order) (McKinnie, Jason) (Entered: 10/14/2016) |
| 10/14/2016 | 153 | Unopposed MOTION for Leave to Exceed Page Limitation *re Defendants' Reply in Support of Defendants' Motion to Exclude the Testimony of Defendants' Expert Ivan Hofmann* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order). Motions referred to Judge John W. Primomo. (McKinnie, Jason) (Entered: 10/14/2016) |
| 10/14/2016 | 154 | Unopposed Motion for leave to File Sealed Document. Referral Judge: John W. Primomo. (Attachments: # 1 Sealed Document Defendants' Reply in Support of Defendants' Motion to Exclude the Testimony of Defendants' Expert Ivan Hofmann, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order) (McKinnie, Jason) (Entered: 10/14/2016) |
| 10/14/2016 | 155 | ORDER GRANTING 131 Motion for Leave to Exceed Page Limits. Signed by Judge John W. Primomo. (rf) Modified Text on 10/19/2016 (wg). (Entered: 10/14/2016) |
| 10/14/2016 | 156 | ORDER GRANTING 152 Motion for Leave to File Sealed Document Signed by Judge John W. Primomo. (wg) (Entered: 10/17/2016) |
| 10/14/2016 | 157 | Sealed Document filed (Defts.Reply in Support of Defendant's Motion to Exclude Testimony of Rosemary Hoffman Tambouret. (wg) (Entered: 10/17/2016) |

| 10/14/2016 | 158 | ORDER GRANTING 153 Motion for Leave to File Excess Pages Signed by Judge John W. Primomo. (wg) (Entered: 10/17/2016) |
| 10/14/2016 | 159 | ORDER GRANTING 154 Motion for Leave to File Sealed Document Signed by Judge John W. Primomo. (wg) (Entered: 10/17/2016) |
| 10/14/2016 | 160 | Sealed Document filed: Defts. Reply in Support of Motion to Exclude Ivan Hofmans Testimony. (Attachments: # 1 Sealed Document Exh A, # 2 Sealed Document Exh B, # 3 Sealed Document Exh. C, # 4 Sealed Document Exh D, # 5 Sealed Document Exh E, # 6 Sealed Document Exh. F) (wg) (Entered: 10/17/2016) |
| 10/19/2016 | 161 | ORDER GRANTING 151 Motion for Leave to File Excess Pages Signed by Judge John W. Primomo. (wg) (Entered: 10/19/2016) |
| 10/19/2016 |  | Notice of Correction: Motion Termed in Error re 151 Unopposed MOTION for Leave to Exceed Page Limitation *of Defendants' Reply in Support of Defendants' Motion to Exclude the Testimony of Rosemary Hoffman Tambouret, MD.* (wg) (Entered: 10/19/2016) |
| 04/04/2017 | 162 | ORDER REASSIGNING CASE. Case reassigned to Judge Royce C. Lamberth for all proceedings. Judge Fred Biery no longer assigned to case. Signed by Judge Fred Biery. (aej) (Entered: 04/05/2017) |
| 04/05/2017 | 163 | NOTICE of Filing Vacation Letter by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc. (McRae, Robert) (Entered: 04/05/2017) |
| 05/02/2017 | 164 | Sealed Memorandum and Recommendation filed (aej) (Entered: 05/02/2017) |
| 05/02/2017 | 165 | ORDER, CASE NO LONGER REFERRED to Magistrate Judge John W. Primomo. Signed by Judge John W. Primomo. (aej) (Entered: 05/02/2017) |
| 05/09/2017 | 166 | Agreed MOTION for Extension of Time to File *Objection to Magistrate Judge Primomo's Memorandum and Recommendation Filed Under Seal (Dck 164)* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order Proposed Order)(McKinnie, Jason) (Entered: 05/09/2017) |
| 05/15/2017 | 167 | ORDER GRANTING 166 Motion for Extension of Time to File Signed by Judge Royce C. Lamberth. (ad) (Entered: 05/15/2017) |
| 05/24/2017 | 168 | Unopposed MOTION for Leave to Exceed Page Limitation *of Its Objections to the Magistrate's Memorandum and Recommendation* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 05/24/2017) |
| 05/24/2017 | 169 | MOTION for Hearing *on Its Objections to the Magistrate Judges Memorandum and Recommendation* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 05/24/2017) |

| | | |
|---|---|---|
| 05/24/2017 | 170 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document MiMedx's Objections to Magistrate Judge's Memorandum and Recommendations, # 3 Sealed Document Michael J. Newton Declaration, # 4 Sealed Document Ex.01, # 5 Sealed Document Ex.02, # 6 Sealed Document Ex.03, # 7 Sealed Document Ex.04, # 8 Sealed Document Ex.05, # 9 Sealed Document Ex.06, # 10 Sealed Document Ex.07, # 11 Sealed Document Ex.08, # 12 Sealed Document Ex.09, # 13 Sealed Document Ex.10, # 14 Sealed Document Ex.11, # 15 Sealed Document Ex.12, # 16 Sealed Document Ex.13, # 17 Sealed Document Ex.14, # 18 Sealed Document Ex.15, # 19 Sealed Document Ex.16, # 20 Sealed Document Ex.17, # 21 Sealed Document Ex.18, # 22 Sealed Document Ex.19, # 23 Sealed Document Ex.20, # 24 Sealed Document Ex.21, # 25 Sealed Document Ex.22, # 26 Sealed Document Ex.23, # 27 Sealed Document Ex.24, # 28 Sealed Document Ex.25, # 29 Sealed Document Ex.26) (Newton, Michael) (Entered: 05/24/2017) |
| 05/24/2017 | 171 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document Defendants' Objections to Memorandum and Recommendation, # 2 Proposed Order) (McKinnie, Jason) (Entered: 05/24/2017) |
| 05/31/2017 | 172 | Response in Opposition to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 169 MOTION for Hearing *on Its Objections to the Magistrate Judges Memorandum and Recommendation* filed by Plaintiff MiMedx Group, Inc. (McKinnie, Jason) (Entered: 05/31/2017) |
| 06/05/2017 | 173 | ORDER GRANTING 168 Motion for Leave to File Excess Pages Signed by Judge Royce C. Lamberth. (ad) (Entered: 06/05/2017) |
| 06/07/2017 | 174 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document MiMedx's Response to Defendants Objections to Magistrate Judge's Recommendations, # 3 Sealed Document Ex.1, # 4 Sealed Document Ex.2, # 5 Sealed Document Ex.3) (Newton, Michael) (Entered: 06/07/2017) |
| 06/07/2017 | 175 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 169 MOTION for Hearing *on Its Objections to the Magistrate Judges Memorandum and Recommendation* filed by Plaintiff MiMedx Group, Inc. (Newton, Michael) (Entered: 06/07/2017) |
| 06/07/2017 | 176 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document Proposed Order, # 2 Sealed Document Def Res to P Obj to Mag Rec, # 3 Sealed Document Ex A, # 4 Sealed Document Ex B, # 5 Sealed Document Ex C, # 6 Sealed Document EX D, # 7 Sealed Document Ex E, # 8 Sealed Document Ex F) (McKinnie, Jason) (Entered: 06/07/2017) |
| 06/21/2017 | 177 | Opposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document Defendants' Reply in Support of Defendants' Objections to Memorandum and Recommendation Filed Under Seal, # 3 Sealed Document Exhibit A - Myriad Amicus Brief, # 4 Sealed Document Exhibit B - Service Email) (McKinnie, Jason) (Entered: 06/21/2017) |
| 06/26/2017 | 178 | ADVISORY TO THE COURT by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) (Entered: 06/26/2017) |
| 06/26/2017 | 179 | MOTION to Exclude *Defendants' Improper Reply Brief in Support of Their Rule 72 Objections from Consideration* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order Regarding Motion to Exclude)(Newton, Michael) (Entered: 06/26/2017) |
| 06/28/2017 | 180 | RESPONSE to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 179 MOTION to Exclude *Defendants' Improper Reply Brief in Support of Their Rule 72 Objections from Consideration* filed by Plaintiff MiMedx |

| | | |
|---|---|---|
| | | Group, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(McKinnie, Jason) (Entered: 06/28/2017) |
| 07/05/2017 | 181 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 179 MOTION to Exclude *Defendants' Improper Reply Brief in Support of Their Rule 72 Objections from Consideration* filed by Plaintiff MiMedx Group, Inc. (Newton, Michael) (Entered: 07/05/2017) |
| 07/24/2017 | 182 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order, # 2 Sealed Document MiMedx Motion for Relief from Confidentiality and Protective Order, # 3 Sealed Document Newton Declaration ISO Motion for Relief, # 4 Sealed Document Proposed Order re Motion for Relief) (Newton, Michael) (Entered: 07/24/2017) |
| 07/28/2017 | 183 | SEALED DOCUMENT Filed to 182 SEALED MOTION (Attachments: # 1 Sealed Document Ex.A-O) (Newton, Michael) Modified on 7/28/2017 (rg). (Entered: 07/28/2017) |
| 07/31/2017 | 184 | Opposed Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order Proposed Order (Seal), # 2 Brief Response, # 3 Proposed Order Proposed Order (Relief from PO), # 4 Exhibit Ex A, # 5 Exhibit Ex B) (McKinnie, Jason) (Entered: 07/31/2017) |
| 08/01/2017 | 185 | ADVISORY TO THE COURT by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) (Entered: 08/01/2017) |
| 08/15/2017 | 186 | ORDER DENYING 169 Motion for Hearing Signed by Judge Royce C. Lamberth. (ad) (Entered: 08/15/2017) |
| 08/15/2017 | 187 | ORDER GRANTING 177 Motion for Leave to File Sealed Document; GRANTING IN PART AND DENYING IN PART 179 Motion to exclude Signed by Judge Royce C. Lamberth. (ad) (Entered: 08/15/2017) |
| 08/15/2017 | 188 | ORDER GRANTING 170 Motion for Leave to File Sealed Document; GRANTING 171 Motion for Leave to File Sealed Document; GRANTING 174 Motion for Leave to File Sealed Document; GRANTING 176 Motion for Leave to File Sealed Document; GRANTING 182 Motion for Leave to File Sealed Document; GRANTING 184 Motion for Leave to File Sealed Document Signed by Judge Royce C. Lamberth. (ad) (Entered: 08/15/2017) |
| 08/15/2017 | 189 | Sealed Document filed - Defendant's Reply in Support of Defendant's Objections to Memorandum and Recommendation (aej) (Entered: 08/16/2017) |
| 08/15/2017 | 190 | Sealed Document filed - MiMedx's Objections to Magistrate Judge's Memorandum and Recommendations (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26) (aej) (Entered: 08/16/2017) |
| 08/15/2017 | 191 | Sealed Document filed - Defendant's Objections to Memorandum and Recommendation (aej) (Entered: 08/16/2017) |
| 08/15/2017 | 192 | Sealed Document filed - Plaintiff's Response to Defendant's Objections (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (aej) (Entered: 08/16/2017) |
| 08/15/2017 | 193 | Sealed Document filed - Defendant's Response to Plaintiff's Objections (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (aej) (Entered: 08/16/2017) |

| | | |
|---|---|---|
| 08/15/2017 | 194 | Sealed Motion filed - Motion for Relief from Confidentiality and Protective Order (Attachments: # 1 Declaration, # 2 Proposed Order) (aej) (Entered: 08/16/2017) |
| 08/15/2017 | 195 | Sealed Document filed - Defendant's Response to Motion (Attachments: # 1 Proposed Order, # 2 Exhibit A, # 3 Exhibit B) (aej) (Entered: 08/16/2017) |
| 08/29/2017 | 196 | SEALED RESPONSE to 190 Sealed Document, by MiMedx Group, Inc. (Attachments: # 1 Exhibit SEALED # 2 Exhibit SEALED, # 3 Exhibit SEALED (Newton, Michael) Modified on 8/30/2017 (rg). (Entered: 08/29/2017) |
| 08/30/2017 | 197 | Unopposed Motion for leave to File Sealed Document (Attachments: # 1 Sealed Document MiMedx's Reply in Support of Its Objections to the Magistrate Judge's Memorandum and Recommendation, # 2 Sealed Document Ex. 27 - Badylake Tr. Excerpts, # 3 Sealed Document Ex. 28 - Daniel Tr. Excerpts, # 4 Sealed Document Ex. 29 - GA Markman Tr. Excerpts, # 5 Proposed Order [Proposed] Order Regarding Motion to File Under Seal) (Newton, Michael) (Entered: 08/30/2017) |
| 08/31/2017 | 198 | ORDER GRANTING 197 Motion for Leave to File Sealed Document. Signed by Judge Royce C. Lamberth. (aej) (Entered: 08/31/2017) |
| 09/07/2017 | 199 | Sealed Order - Motion for Relief from Confidentiality and Protective Order. Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/08/2017) |
| 09/07/2017 | 200 | Sealed Order - Memorandum Opinion. Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/08/2017) |
| 09/07/2017 | 201 | Sealed Order - GRANTING IN PART AND DENYING IN PART 116 and 108 . DENYING AS MOOT 115 , 117 and 118 . Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/08/2017) |
| 09/07/2017 | 202 | Sealed Order - the parties in this case to show cause within fourteen(14) days why the memorandum opinion, either in whole or in part, or the accompanying order should remain under seal. Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/08/2017) |
| 09/22/2017 | 203 | Unopposed MOTION to Unseal Document Nos. 164, 200 and 201 by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order) (McKinnie, Jason) (Entered: 09/22/2017) |
| 09/27/2017 | 204 | ORDER GRANTING 203 Motion to Unseal Document. Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/27/2017) |
| 10/04/2017 | 205 | MOTION for Reconsideration of Summary Judgment Regarding the Validity of the '494 Patent by MiMedx Group, Inc.. (Attachments: # 1 Affidavit of Sang (Michael) Lee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Newton, Michael) (Entered: 10/04/2017) |
| 10/18/2017 | 206 | RESPONSE to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 205 MOTION for Reconsideration of Summary Judgment Regarding the Validity of the '494 Patent filed by Plaintiff MiMedx Group, Inc. (Attachments: # 1 Exhibit A - US Pat Appl# 60/838,467, # 2 Exhibit B - US Pat# 8,597,687, # 3 Exhibit C - US Pat# 8,372,437, # 4 Proposed Order)(McKinnie, Jason) (Entered: 10/18/2017) |
| 10/25/2017 | 207 | Opposed MOTION for Entry of Final Judgment and Dismissal of Certain Counterclaims by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Exhibit A - Final Written Decision, # 2 Proposed Order)(McKinnie, Jason) (Entered: 10/25/2017) |
| 10/25/2017 | 208 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 205 MOTION for Reconsideration of Summary Judgment Regarding the Validity of the '494 Patent filed by |

| | | Plaintiff MiMedx Group, Inc. (Newton, Michael) (Entered: 10/25/2017) |
|---|---|---|
| 11/01/2017 | 209 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 207 Opposed MOTION *for Entry of Final Judgment and Dismissal of Certain Counterclaims* filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 11/01/2017) |
| 11/08/2017 | 210 | RESPONSE in Support, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 207 Opposed MOTION *for Entry of Final Judgment and Dismissal of Certain Counterclaims* filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (McKinnie, Jason) (Entered: 11/08/2017) |
| 09/19/2018 | 211 | MOTION for Reconsideration re 201 Sealed Order, 200 Sealed Order *of the Summary Judgment Invalidity Ruling in Light of New Patent Office Determinations* by MiMedx Group, Inc.. (Attachments: # 1 Affidavit of Mike Newton, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Newton, Michael) (Entered: 09/19/2018) |
| 09/27/2018 | 212 | ORDER DENYING 205 Motion for Reconsideration ; DENYING 207 Motion for Entry of Final Judgment and Dismissal of Certain Counterclaims. Signed by Judge Royce C. Lamberth. (aej) (Entered: 09/28/2018) |
| 10/03/2018 | 213 | Response in Opposition to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc., re 211 MOTION for Reconsideration re 201 Sealed Order, 200 Sealed Order *of the Summary Judgment Invalidity Ruling in Light of New Patent Office Determinations* filed by Plaintiff MiMedx Group, Inc. (Attachments: # 1 Affidavit Declaration of Brandon Cook, # 2 Exhibit Ex A, # 3 Exhibit Ex B, # 4 Exhibit Ex C, # 5 Exhibit Ex D, # 6 Exhibit Ex E, # 7 Exhibit Ex F, # 8 Exhibit Ex G)(McKinnie, Jason) (Entered: 10/03/2018) |
| 10/10/2018 | 214 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 211 MOTION for Reconsideration re 201 Sealed Order, 200 Sealed Order *of the Summary Judgment Invalidity Ruling in Light of New Patent Office Determinations* filed by Plaintiff MiMedx Group, Inc. (Attachments: # 1 Affidavit of Michael J. Newton, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27)(Newton, Michael) (Entered: 10/10/2018) |
| 12/11/2018 | 215 | ORDER GRANTING IN PART AND DENYING IN PART 211 Motion for Reconsideration Signed by Judge Royce C. Lamberth. (em) (Entered: 12/11/2018) |
| 12/11/2018 | 216 | MEMORANDUM OPINION. Signed by Judge Royce C. Lamberth. (em) (Entered: 12/11/2018) |
| 12/12/2018 | | Set Hearings: Scheduling Conference set for 1/4/2019 2:00 PM before Judge Royce C. Lamberth, (rf) (Entered: 12/12/2018) |
| 01/03/2019 | 217 | Unopposed MOTION to Withdraw as Attorney *Deepro R. Mukerjee* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 01/03/2019) |
| 01/03/2019 | 218 | ***DOCUMENT DEFICIENT - MISSING PROPOSED ORDER*** MOTION for Reconsideration re 201 Sealed Order by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) Modified on 1/4/2019 (aej). (Entered: 01/03/2019) |
| 01/03/2019 | 219 | ***DOCUMENT DEFICIENT - MISSING PROPOSED ORDER***Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS by Texas Human Biologics, Ltd., Tissue Transplant |

| | | |
|---|---|---|
| | | Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(McKinnie, Jason) Modified on 1/4/2019 (aej). (Entered: 01/03/2019) |
| 01/04/2019 | 220 | DEFICIENCY NOTICE:***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT - MISSING PROPOSED ORDER*** re 218 MOTION for Reconsideration re 201 Sealed Order (aej) (Entered: 01/04/2019) |
| 01/04/2019 | 221 | DEFICIENCY NOTICE:***NOTIFIED COUNSEL THAT DOCUMENT IS DEFICIENT - MISSING PROPOSED ORDER*** re 219 Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS (aej) (Entered: 01/04/2019) |
| 01/04/2019 | 222 | ATTACHMENT *Proposed Order* to 218 MOTION for Reconsideration re 201 Sealed Order by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) (Entered: 01/04/2019) |
| 01/04/2019 | 223 | ATTACHMENT *Proposed Order* to 219 Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) (Entered: 01/04/2019) |
| 01/04/2019 | 224 | ATTACHMENT *Certificate of Conference* to 218 MOTION for Reconsideration re 201 Sealed Order by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (McKinnie, Jason) (Entered: 01/04/2019) |
| 01/04/2019 | 225 | Minute Entry for proceedings held before Judge Royce C. Lamberth: Scheduling Conference held on 1/4/2019 (Minute entry documents are not available electronically.) (Court Reporter Leticia Rangel.)(aej) (Entered: 01/07/2019) |
| 01/08/2019 | 226 | Unopposed MOTION for Extension of Time to File Response/Reply as to 219 Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 01/08/2019) |
| 01/08/2019 | 227 | Transcript filed of Proceedings held on 01042019, Proceedings Transcribed: SCHEDULING CONFERENCE. Court Reporter/Transcriber: Leticia Ornelas Rangel, Telephone number: 210-244-5039. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 1/29/2019, Redacted Transcript Deadline set for 2/8/2019, Release of Transcript Restriction set for 4/8/2019, (Rangel, Leticia) (Entered: 01/08/2019) |
| 01/09/2019 | 228 | ORDER GRANTING 226 Motion for Extension of Time to File Response/Reply Signed by Judge Royce C. Lamberth. (aej) (Entered: 01/09/2019) |
| 01/11/2019 | 229 | NOTICE of Change of Address by Robert Loye McRae (McRae, Robert) (Entered: 01/11/2019) |
| 01/15/2019 | 230 | NOTICE of Attorney Appearance by Brandon Taylor Cook on behalf of Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. Attorney Brandon Taylor Cook added to party Texas Human Biologics, Ltd.(pty:dft), Attorney Brandon Taylor Cook added to party Tissue Transplant Technology, Ltd.(pty:dft) (Cook, Brandon) (Entered: 01/15/2019) |
| 01/18/2019 | 231 | Unopposed MOTION for Leave to Exceed Page Limitation *of MiMedx Opposition to Defendants' Motion for Leave to File Amended Answer* by MiMedx Group, Inc.. |

| | | (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 01/18/2019) |
|---|---|---|
| 01/18/2019 | 232 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 219 Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS filed by Texas Human Biologics, Ltd., Defendant Transplant Technology, Inc., Tissue Transplant Technology, Ltd. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Newton, Michael) (Entered: 01/18/2019) |
| 01/18/2019 | 233 | Response in Opposition to Motion, filed by MiMedx Group, Inc., re 218 MOTION for Reconsideration re 201 Sealed Order filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Newton, Michael) (Entered: 01/18/2019) |
| 01/22/2019 | 234 | ORDER, ( Jury Selection and Jury Trial reset for 4/22/2019 9:00 AM before Judge Royce C. Lamberth, Pretrial Conference set for 4/19/2019 2:00 PM before Judge Royce C. Lamberth). Signed by Judge Royce C. Lamberth. (aej) (Entered: 01/23/2019) |
| 01/23/2019 | 235 | RESPONSE in Support, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 218 MOTION for Reconsideration re 201 Sealed Order filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (McKinnie, Jason) (Entered: 01/23/2019) |
| 01/25/2019 | 236 | Unopposed MOTION for Leave to Exceed Page Limitation *of Defendants' Reply in Support of Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd.. (Attachments: # 1 Proposed Order)(McKinnie, Jason) (Entered: 01/25/2019) |
| 01/25/2019 | 237 | RESPONSE in Support, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 219 Opposed MOTION for Leave to File DEFENDANTS AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS filed by Texas Human Biologics, Ltd., Defendant Transplant Technology, Inc., Tissue Transplant Technology, Ltd., 236 Unopposed MOTION for Leave to Exceed Page Limitation *of Defendants' Reply in Support of Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims* filed by Defendant Texas Human Biologics, Ltd., Defendant Tissue Transplant Technology, Ltd. (McKinnie, Jason) (Entered: 01/25/2019) |
| 01/29/2019 | 238 | ORDER DENYING 219 Motion for Leave to File. Signed by Judge Royce C. Lamberth. (aej) (Entered: 01/29/2019) |
| 02/08/2019 | 239 | Sealed Opinion. Signed by Judge Royce C. Lamberth. (aej) (Entered: 02/08/2019) |
| 02/08/2019 | 240 | ORDER GRANTING 218 Motion for Reconsideration re 118 Sealed Motion filed filed by Transplant Technology, Inc., Tissue Transplant Technology, Ltd., 115 Sealed Motion filed filed by Texas Human Biologics, Ltd., Transplant Technology, Inc., Tissue Transplant Technology, Ltd. Signed by Judge Royce C. Lamberth. (aej) (Entered: 02/08/2019) |
| 02/08/2019 | 241 | MOTION to Appear Pro Hac Vice by Michael J Newton *for Nicholas T. Tsui* ( Filing fee $ 100 receipt number 0542-11743857) by on behalf of MiMedx Group, Inc.. (Newton, Michael) (Entered: 02/08/2019) |
| 02/20/2019 | 242 | Opposed MOTION to Bifurcate *Liability and Damages* by MiMedx Group, Inc.. (Attachments: # 1 Proposed Order)(Newton, Michael) (Entered: 02/20/2019) |
| 02/27/2019 | 243 | Response in Opposition to Motion, filed by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., re 242 Opposed MOTION to Bifurcate *Liability and Damages* filed by Plaintiff MiMedx Group, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit |

| | | B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(McKinnie, Jason) (Entered: 02/27/2019) |
|---|---|---|
| 03/07/2019 | 244 | REPLY to Response to Motion, filed by MiMedx Group, Inc., re 242 Opposed MOTION to Bifurcate *Liability and Damages* filed by Plaintiff MiMedx Group, Inc. (Newton, Michael) (Entered: 03/07/2019) |
| 03/12/2019 | 245 | ORDER GRANTING 217 Deepro R. Mukerjee's Motion to Withdraw as Attorney. Signed by Judge Royce C. Lamberth. (kjw) (Entered: 03/12/2019) |
| 03/12/2019 | 246 | ORDER GRANTING NUNC PRO TUNC 231 Motion for Leave to File Excess Pages Signed by Judge Royce C. Lamberth. (kjw) (Entered: 03/12/2019) |
| 03/12/2019 | 247 | ORDER GRANTING NUNC PRO TUNC 236 Motion for Leave to File Excess Pages. Signed by Judge Royce C. Lamberth. (kjw) (Entered: 03/12/2019) |
| 03/12/2019 | 248 | ORDER GRANTING 241 Motion to Appear Pro Hac Vice. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. Signed by Judge Royce C. Lamberth. (kjw) (Entered: 03/12/2019) |
| 03/25/2019 | 249 | ORDER DENYING 242 Motion to Bifurcate. Signed by Judge Royce C. Lamberth. (em) (Entered: 03/25/2019) |
| 04/03/2019 | 250 | ORDER, ( Pretrial Conference reset for 4/18/2019 3:00 PM before Judge Royce C. Lamberth). Signed by Judge Royce C. Lamberth. (aej) (Entered: 04/03/2019) |
| 04/03/2019 | 251 | Joint MOTION to Dismiss *with Prejudice* by Texas Human Biologics, Ltd., Tissue Transplant Technology, Ltd., Transplant Technology, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(McKinnie, Jason) (Entered: 04/03/2019) |
| 04/04/2019 | 252 | ORDER GRANTING 251 Motion to Dismiss. Signed by Judge Royce C. Lamberth. (aej) (Entered: 04/05/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/24/2026 14:11:45 | | | |
| **PACER Login:** | mcrae7704 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:14-cv-00719-RCL |
| **Billable Pages:** | 23 | **Cost:** | 2.30 |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MIMEDX GROUP, INC.,<br>    PLAINTIFF, | § §§ § § § § § § § § | <br>NO. _____ |
| V. | | |
| SURGENEX, LLC | | |
|     DEFENDANTS. | | |

## [PROPOSED] ORDER GRANTING BONE BANK'S MOTION TO QUASH SUBPOENAS

On this day indicated below, came on for consideration Tissue Transplant Technology, Ltd. d/b/a Bone Bank Allografts's ("Bone Bank") Motion to Quash Subpoenas issued by Defendant Surgenex, LLC ("Defendant") in case Civil Action No. 2:24-cv-03558-SMB, in the United States District Court for the District of Arizona. The Court, having considered the Motion, the evidence, the response and arguments of counsel is of the opinion that it should be granted.

IT IS THEREFORE ORDERED, that Bone Bank's Motion to Quash Subpoenas is GRANTED.

IT IS FURTHER ORDERED that the Subpoena to Produce Documents, Information, or Objects served upon Bone Bank, and the Subpoena to Testify at Deposition in a Civil Action served on Bone Bank, are hereby QUASHED in their entirety.

Signed this _____ day of _____, 2026.


_____
UNITED STATES DISTRICT JUDGE