# Exhibit 4

**From:** Robert L. McRae
**To:** Hugham Chan
**Cc:** Samantha Ketzel; Julie Bell
**Subject:** RE: In re Bone Bank Subpoena (W.D. Tex. 26-mc-1211)
**Date:** Thursday, February 26, 2026 3:12:13 PM
**Attachments:** image001.png

Hugham,

I met with the client today.  Bone Bank will not change its position with regard to the subpoenas.  We will not produce documents or a witness without a Court Order.  That said, we will agree to a seven-day extension on your Response to the Motion to Quash.  You may mark us as unopposed on your Motion for and Extension of Time.



**Rob McRae**
Tel: (210) 886-9500
Fax: (210) 886-9883
Email: rmcrae@gunn-lee.com
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78230

The documents and information accompanying this electronic transmission contain information belonging to Gunn & Lee, P.C., which is confidential and/or legally privileged.  This information is only intended for the use of the individual or entity named above.  IF YOU ARE NOT THE NAMED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, PRINTING, COPYING, DISTRIBUTION OR TAKING OF THIS INFORMATION FOR ANY USE WHATSOEVER IS STRICTLY PROHIBITED.  If you have received this electronic transmission in error, please immediately reply and notify the sender and delete the message.  Unauthorized interception of this electronic transmission is a violation of federal criminal law.

**From:** Hugham Chan <hchan@rothwellfigg.com>
**Sent:** Wednesday, February 25, 2026 3:42 PM
**To:** Robert L. McRae <Robert.McRae@gunn-lee.com>
**Subject:** RE: In re Bone Bank Subpoena (W.D. Tex. 26-mc-1211)

Got it. I agree with that reading.  Would you be amenable to a one-week extension of time as we try to work this out?  Thanks.

Best,
Hugham Chan - *Of Counsel*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, NW, Suite 900 East
Washington, DC 20001
Phone: (771) 717-9806
Fax: (202) 783-6031

**From:** Robert L. McRae <Robert.McRae@gunn-lee.com>
**Sent:** Wednesday, February 25, 2026 4:25 PM
**To:** Hugham Chan <hchan@rothwellfigg.com>
**Subject:** RE: In re Bone Bank Subpoena (W.D. Tex. 26-mc-1211)

Hugham,

If you look at how "Dispositive Motion" is defined in LR 7(c), I think it is 7 days.

**Rob McRae**
Tel: (210) 886-9500
Fax: (210) 886-9883
Email: rmcrae@gunn-lee.com
8023 Vantage Drive, Suite 1500
San Antonio, Texas 78230



The documents and information accompanying this electronic transmission contain information belonging to Gunn & Lee, P.C., which is confidential and/or legally privileged. This information is only intended for the use of the individual or entity named above. IF YOU ARE NOT THE NAMED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, PRINTING, COPYING, DISTRIBUTION OR TAKING OF THIS INFORMATION FOR ANY USE WHATSOEVER IS STRICTLY PROHIBITED. If you have received this electronic transmission in error, please immediately reply and notify the sender and delete the message. Unauthorized interception of this electronic transmission is a violation of federal criminal law.

---

**From:** Hugham Chan <hchan@rothwellfigg.com>
**Sent:** Wednesday, February 25, 2026 2:36 PM
**To:** Robert L. McRae <Robert.McRae@gunn-lee.com>
**Subject:** In re Bone Bank Subpoena (W.D. Tex. 26-mc-1211)

Rob,

Thanks for returning my call earlier this afternoon. I write to follow up on our discussion. After considering Tissue Transplant Technology, Ltd.'s ("Bone Bank") objections and motion to quash, and although I disagree with them, I have a strong preference to moot motions practice if possible (but I'm prepared to oppose the motion to quash if need be).

That is why I'm willing to significantly narrow the document requests in the document subpoena to these four categories in hopes of coming to a quick resolution without court intervention:

1. Documents sufficient to identify the annual sales of Bone Bank's single and multi-layered placental tissue products that were at issue in *MiMedx v. Tissue Transplant Technology, Ltd.* litigation by units sold and revenue before the settlement agreement, as well as documents sufficient to identify the annual sales of all of Bone Bank's multi-layered placental tissue products by units sold and revenue after the settlement agreement;

2. Documents sufficient to identify the composition of Bone Bank's single and multi-layered placental tissue products that were at issue in *MiMedx v. Tissue Transplant Technology, Ltd.* litigation, as week as documents sufficient to identify the composition of all of Bone Bank's multi-layered placental tissue products after the settlement, such that they indicate whether a spongy/intermediate layer exists, and the uses for these products;

3. Sealed filings or unredacted expert reports from the underlying *MiMedx v. Tissue Transplant Technology, Ltd.* litigation containing Bone Bank's non-infringement/damages positions and underlying materials to support those positions; and

4. A declaration under oath by someone knowledgeable and employed at Bone Bank that the documents produced by Bone Bank in response to the Document Subpoena satisfy the authenticity requirement under Fed. R. Evid. 901, and if accurate, the business records requirements under Fed. R. Evid. 803(6) (this is original document request no. 16).

I understand that it's very likely that neither Bone Bank nor you (as your firm represented Bone Bank) has any materials related to the *MiMedx v. Tissue Transplant Technology, Ltd.* litigation, and thus you would have no responsive documents to category 3. If you can confirm that, that would obviously render the category moot as I don't expect Bone Bank to produce information that is no longer in its possession, custody, or control. So, we're effectively focused on just three document requests.

Regarding the documents in categories 1–2, they are relevant to damages issues, such as reasonable royalty and lost profits.  As for category 4, if an appropriate affidavit is provided, Surgenex would be willing to either conduct a short deposition pursuant to the deposition subpoena (much shorter than 7 hours) or forego a deposition altogether.

I also understand from our conversation that Bone Bank is currently unwilling to respond to the subpoenas unless there is a court order.  I kindly ask that Bone Bank reconsider that position, in light of the revised and narrowed document requests as compliance should not be unduly burdensome.

Lastly, can you please confirm my understanding that under Local Rule 7(e)(2), Surgenex's deadline to respond to the motion to quash is 14 days from yesterday (March 10)?

If you could respond before the end of the week, that would be appreciated.  Thanks.

Best,
Hugham Chan - *Of Counsel*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, NW, Suite 900 East
Washington, DC 20001
Phone: (771) 717-9806
Fax: (202) 783-6031